### WITTNER v. UNITED STATES.
No. 48043.

Court of Claims.
March 1, 1948.

Milton V. Freeman, of Washington, D. C. (Arnold, Fortas & Porter, of Washington, D. C., on the brief), for plaintiff.

Henry Weihofen, of Washington, D.C., and H. G. Morison, Acting Asst. Atty. Gen., for defendant.

Before JONES, Chief Justice, and LITTLETON, WHITAKER, MADDEN, and HOWELL, Judges.

JONES, Chief Justice.

Plaintiff, a government employee entitled to veteran's disability preference, was dismissed from his position without benefit of the procedure set forth in Section 14 of the Veteran's Preference Act of 1944.[1] Upon appeal to the Civil Service Commission that body found that the dismissal was in violation of the procedure provisions of such veterans' act. Plaintiff was reinstated.

The question is whether he can recover his salary for the period between his dismissal and reinstatement.

The issue turns on whether the procedure provisions in such act are mandatory or merely directory.

Section 14 of the Veterans' Preference Act is as follows:

"No permanent or indefinite preference eligible, who has completed a probationary or trial period employed in the civil service, or in any establishment, agency, bureau, administration, project, or department, hereinbefore referred to shall be discharged, suspended for more than thirty days, furloughed without pay, reduced in rank or compensation, or debarred for future appointment except for such cause as will promote the efficiency of the service and for reasons given in writing, and the person * * * shall have at least thirty days' advance written notice * * * stating any and all reasons, specifically and in detail, for any such proposed action; such preference eligible shall be allowed a reasonable time for answering the same personally and in writing, and for furnishing affidavits in support of such answer, and shall have the right to appeal to the Civil Service Commission from an adverse decision of the administrative officer so acting, such appeal to be made in writing within a reasonable length of time after the date of receipt of notice of such adverse decision: Provided, that such preference eligible shall have the right to make a personal appearance, or an appearance through a designated representative, in accordance with such reasonable rules and regulations as may be issued by the Civil Service Commission; after investigation and consideration of the evidence submitted, the Civil Service Commission shall submit its findings and recommendations to the proper administrative officer and shall send copies of the same to the appellant or to his designated representative * * * : Provided further, That the Civil Service Commission may declare any such preference eligible who may have been dismissed or furloughed without pay to be eligible for the provisions of section 15 hereof."

We held in the case of Elchibegoff v. United States, 106 Ct.Cl. 541, that the procedure provisions of the Act of 1912[2] in respect to charges against civil service employees were mandatory. To hold otherwise would be to hold that Congress was

---

[1] 58 Stat. 387, 390, 5 U.S.C.A. § 863.  [2] 37 Stat. 539, 555, 5 U.S.C.A. § 652.

merely engaging in mental exercises when it enacted such provisions. They were enacted for the protection of civil service employees against arbitrary action by officials.

■■ In holding that the procedure is mandatory we do not undertake to pass upon whether the charges made pursuant thereto are proved unless it be found that there is no substantial evidence upon which a finding could be based. That discretion is lodged in the department heads and we do not invade that province. That discretion is necessary to protect the interests of the government. We merely hold that the established procedure must be followed in order to effectuate a legal dismissal.

If the procedure provisions are not mandatory they are largely meaningless. The officials could act as if such provisions were never put into the law. They could apply or not apply them to suit their whim, just as they do, or do not, take their morning calisthenics depending on whether they feel like it. We cannot believe Congress had any such idea in mind.

In similar cases the Supreme Court has heretofore invoked the same line of reasoning. United States v. Perkins, 116 U.S. 483, 6 S.Ct. 449, 29 L.Ed. 700; and United States v. Wickersham, 201 U.S. 390, 26 S. Ct. 469, 50 L.Ed. 798.

In the Wickersham case, supra, the court, on page 399 of 201 U.S., page 472 of 26 S. Ct., uses the following language:

" * * * We see no reason * * * for withholding * * * the compensation given by law to an incumbent of the place. If this be not so, then a regular and duly qualified employee in the public service, protected by the statute and the orders of the President made in pursuance thereof, can be deprived of the benefit and emolument of his position by a wrongful and illegal suspension from his duties. We do not think such a contention can be sustained either by reason or authority. * * *"

The Veterans' Prefenrence Act provides in effect that no veteran eligible, employed in any department or agency of the government, shall be discharged, "except for such cause as will promote the efficiency of the service and for reasons given in writing, and the person * * * shall have at least thirty days' advance written notice * * * stating *any and all reasons*, specifically and in detail, for any such proposed action; * * *" and "shall be allowed a reasonable time for answering the same *personally* and in writing." [Italics supplied.]

The language is clear. It does not prevent a discharge, if the procedure is followed, but it does forbid a discharge unless it is followed.

Was it followed?

■ According to the allegation in the petition, some of the charges, upon which the proposed dismissal was based, were furnished plaintiff but not all of them were presented. Also plaintiff's request that he be permitted to answer the charges in person was denied. In these respects, at least, the procedure laid down in the Veterans' Preference Act was not followed.

On appeal and hearing before the Civil Service Commission, that body found that the War Department failed to comply with the provision of Section 14 of the Veterans' Preference Act of 1944; that the evidence taken did not sustain the charge of violation of orders; and that the charges, or written statement of reasons, did not, in fact, set forth all the agency's reasons for taking the adverse action. The Commission recommended that plaintiff be restored to his former position.

Plaintiff was restored to duty effective November 15, 1946.

We are not authorized to determine whether a particular veteran should be employed. That is the province of the appropriate agency. Nor are we concerned with whether an employee should be discharged. That is properly in the hands of the affected department. Once a veteran is employed, however, we are concerned with seeing that even a proper discharge in accomplishment in the manner provided by law, and that, in discharging him, the agency follows the procedure laid down by the Congress. Otherwise, the discharge is ineffective.

Ordinarily we would simply overrule the demurrer since there are issues of fact involved, including the questions of whether plaintiff secured or made reasonable effort to secure other employment during the interim period as an offset to the amount of the claim; whether plaintiff was furnished all the charges against him upon which the dismissal was based; and whether plaintiff was denied the privilege of answering the charges personally, the request for an opportunity to answer in person having been made in writing. However, the parties have filed the following stipulation:

"It is hereby stipulated between counsel for plaintiff and counsel for defendant:

"That the facts set forth in plaintiff's petition in the above-entitled cause are admitted, and in the event that the Court is of the opinion that on the facts set forth in the petition plaintiff is entitled to recover, judgment may be entered in plaintiff's favor in the amount claimed."

We find the facts as stipulated.

In the stipulation the defendant concedes, among other things, that the department did not furnish plaintiff all the charges upon which the adverse action was taken, and that it did not comply with his request for an opportunity to answer the charges personally. Thus it is admitted that it definitely, and we think substantially, refused to comply with the statutory procedure.

Both sides evidently want the legal issue settled unfettered by any factual trappings. Since by stipulation they have trimmed away the other issues, the naked question remains as to whether the procedure laid down by Congress must be substantially complied with. We think so.

It places no undue burden on any official, even though he might prefer to choose his own method. But the procedure has been set out in the law. It is simple, easy to follow, and protects both the veteran and the Government. It should be followed.

The demurrer is overruled, and, on the basis of the conceded facts, the plaintiff is entitled to recover from the defendant the sum of $1,050.25. It is so ordered.