## CROGHAN v. UNITED STATES.

No. 48981.

United States Court of Claims.

May 1, 1950.

The plaintiff, a former Civil Service employee in the United States Treasury Department, seeks to recover an annuity under Sections 1 and 7 of the Civil Service Retirement Act of May 22, 1920 (41 Stat. 614), as amended by the Act of July 3, 1926 (44 Stat. 904, 909). He was discharged November 6, 1929, for cause, and his application, in May 1934, for an annuity was denied. Plaintiff alleges that the action of the Secretary of the Treasury removing

him from the service was erroneous, arbitrary and capricious, and therefore illegal.

H. J. Graham, Louisville, Ky., for plaintiff.

John R. Franklin, Washington, D. C., with whom was Assistant Attorney General H. G. Morison, for the defendant.

Before JONES, Chief Judge, and LITTLETON, HOWELL, MADDEN and WHITAKER, Judges.

LITTLETON, Judge.

The plaintiff served in the Internal Revenue Service of the Treasury in the position of storekeeper-gauger from February 8, 1899 to March 10, 1920, at which time he resigned. On December 31, 1925, he was appointed an alcohol inspector in the Bureau of Prohibition, Treasury Department. He held that position until November 6, 1929, when he was suspended from duty and pay pending investigation of written charges of misconduct and neglect of duty. Written charges were made and delivered to plaintiff November 18, 1929 (findings 6 and 7). On December 23, 1929, after further investigation and consideration of the charges of misconduct and neglect in the proper performance of duties, the plaintiff was notified of his removal by direction of the Secretary of the Treasury for the good of the service, effective November 6, 1929. The procedural requirements prescribed by law were followed in connection with plaintiff's dismissal from the service.

As shown in finding 9, the plaintiff, together with others, was indicted in February 1930, and acquitted in 1931. He says that his acquittal on the criminal charges of conspiracy to violate the National Prohibition Act, 27 U.S.C.A. § 1 et seq., and to defraud the United States is sufficient to establish that the decision of the Secretary of the Treasury discharging him from his employment was unjustified, arbitrary, and capricious. Plaintiff insists, therefore, that the provision in Section 7 of the Civil Service Retirement Act, 44 Stat. 904, 909,[1] which states that the life annuity provided

1. "Should any employee fifty-five years of age or over to whom this Act applies, after having served for a total period of not less than fifteen years and before

1004

for in subdivisions (b) and (c) of Section 7 shall not be paid to an employee removed for cause on charges of misconduct or delinquency, cannot be applied to his involuntary separation from the service. We cannot agree with these contentions of plaintiff for several reasons.

■ The authority of the head of a Department to dismiss an employee for the good of the service on charges of misconduct or delinquency in the proper performance of duties is not conditioned upon a conviction of such employee of a criminal offense. Likewise, the acquittal of the employee on an indictment charging him with the commission of a criminal offense cannot be treated as invalidating the action removing such employee from his position for the good of the service. The considerations which enter into an administrative determination of whether an employee has been guilty of such misconduct or delinquency in the performance of the duties of his position as to justify his removal for the good of the service, are entirely dissimilar to those necessarily involved in the conviction of a person of a criminal offense beyond a reasonable doubt.

■ Reasonable cause for removal is sufficient under the statutes since under the law authority to dismiss an employee for cause is vested in the proper administrative officers without specific limitation on their exercise of judgment and discretion under

that authority, and no provision is made for review of their findings where the prescribed procedure is followed, as it was here. Dismuke v. United States, 297 U.S. 167, 56 S.Ct. 400, 80 L.Ed. 561; James Carlisle Baskin v. United States, 95 Ct.Cl. 455, 459, 460. The power of removal is incident to the power of appointment, Myers v. United States, 272 U.S. 52, 47 S.Ct. 21, 71 L.Ed. 160; Burnap v. United States, 252 U.S. 512, 40 S.Ct. 374, 64 L.Ed. 692. An allegation of arbitrary and capricious action must be so clearly established as to show that the action was taken maliciously and in bad faith. Gadsden v. United States, 78 F.Supp. 126, 111 Ct.Cl. 487. No such showing has been made here. On the contrary the record shows that there was substantial evidence to support the decision dismissing the plaintiff from the service.

■ The decisions of this court are uniform in the holding that we will not review the causes of removals of employees where it appears that the procedural requirements prescribed by law have been complied with. Culligan v. United States, 107 Ct.Cl. 222; Wittner v. United States, 76 F.Supp. 110, 110 Ct.Cl. 231; Gadsden v. United States, supra. Cf. Bayly v. United States, 99 Ct.Cl. 598.

■ Although the question was not argued, the facts show that the plaintiff's claim was barred by the statute of limitation of 6 years at the time the petition was

becoming eligible for retirement under the conditions defined in section 1 here-of, *become involuntarily separated from the service, not by removal for cause on charges of misconduct or delinquency,* such employee shall be paid as he or she may elect, either—

(a) The amount of the deductions from his basic salary, pay, or compensation made under section 10 of this Act and under Act of May 22, 1920, including accrued interest thereon computed as prescribed in section 12 hereof; or

(b) An immediate life annuity beginning at the date of separation from the service, having a value equal to the present worth of a deferred annuity, beginning at the age at which the employees would otherwise have become eligible for superannuation retirement

computed as provided in section 4 of this Act; or

(c) A deferred annuity beginning at the age at which the employee would otherwise have become eligible for superannuation retirement, computed as provided in section 4 of this Act. The right to such deferred annuity shall be evidenced by a proper certificate issued under the seal of the Department of the Interior. [Italics supplied.]"

Section 1 of the Retirement Act provides in part that—"All employees to whom this Act applies who, before its effective date, shall have attained or shall thereafter attain the age of seventy years and rendered at least fifteen years of service computed as prescribed in section 5 of this Act shall be eligible for retirement on an annuity as provided in section 4 hereof. * * *"

filed. The statute of limitation is jurisdictional in this court. Plaintiff was over 55 years of age at the date of his removal. Under Sections 1 and 7 of the Retirement Act of 1926, supra, plaintiff's claim for an immediate annuity accrued November 6, 1929, and his claim for a deferred life annuity under Section 7 (c) accrued August 22, 1938, the date on which he reached the age of seventy years. The petition was filed January 10, 1949.

Plaintiff is not entitled to recover and his petition is dismissed. It is so ordered.

HOWELL, MADDEN, and WHITAKER, JJ. and JONES, C. J., concur.