98 F.Supp. 770 (1951)
LOVE
v.
UNITED STATES.
No. 49343.
United States Court of Claims
April 3, 1951.
Harold Robert Love, pro se.
Gordon F. Harrison, Washington, D. C., Newell A. Clapp, Acting Asst. Atty. Gen., for defendant.

Special Findings of Fact
1. Plaintiff, an honorably discharged veteran of World War I, was appointed to a position as Cost Analyst, CAF-11, in the War Department (Field) at the Jeffersonville *771 Quartermaster Depot, Jeffersonville, Indiana, under date of April 2, 1945. He remained in this position until the close of business on September 4, 1947.
2. By letter dated July 11, 1947, addressed to the plaintiff, the Chief of the Civilian Personnel Branch of the Office of the Chief of Finance, War Department, notified the plaintiff of his proposed discharge and removal on charges of false accusation and willful insubordination. The notice of charges stated as follows:
1. You are hereby advised that pursuant to Civil Service authorization, Section 9.101, the charges listed below have been placed against you in support of a recommendation for your discharge and removal. You are hereby suspended without pay, effective 16 July 1947, for a period of five (5) days, pending action of the recommendation:
Charge I: Making false accusation against the Army Audit Agency, by which you are employed. By this act you have exhibited disloyalty to the Agency and unconscionable conduct as a Federal employee. These charges are evidenced by contents of a letter dated 11 June 1937 [sic], bearing signature of Harold R. Love, addressed to Civilian Personnel Officer and the Administrative Officer, Finance Office, U. S. Army, 238 East Wyoming Avenue, Philadelphia 20, Pennsylvania.
Charge II: Willful insubordination by reason of performing an act which constitutes an unauthorized assumption of authority, the act being directly contrary to published policies and procedures and direct telephonic orders from your higher headquarters. These charges are evidenced by letter dated 11 June 1947, bearing signature of Harold R. Love, addressed to Finance Officer, U. S. Army, Philadelphia, Pennsylvania, which came to the attention of the Philadelphia Regional Office, Army Audit Agency, on 19 June 1947, and by letter dated 19 June 1947, bearing signature of Harold R. Love, addressed to Chief, Industrial Audit Division, Philadelphia Regional Office, Army Audit Agency, inclosing copy of "Memo" to Mr. Oscar C. Wright, JQM Depot, dated 16 June 1947, prepared for the signature of Louis E. Parker, as Cost Analyst, Chief, CPAB, JQMD, Jeffersonville, Indiana. The "memo" report was relative to terminated contract settlement proposal of D. E. Rippetoe, Contractor, under contract W-12-036-qm-12130, O.I.C-11769-5.
2. It is requested that you answer the above charges within five (5) days from the date you receive this letter. At that time your reply will be given consideration before final action is taken. If no reply is received, action will be taken on the basis of present evidence. If the reply is not satisfactory, you will be suspended for a period of thirty (30) days prior to your discharge in accordance with Section 14 of the Veterans Preference Act [5 U.S.C.A. § 863]. This suspension will be a nonduty status, but annual leave may be taken for that period, or leave without pay will be granted if you do not have sufficient annual leave to your credit.
3. By letter of July 15, 1947, plaintiff requested further details in reference to the charges against him, which requested information was provided in a supplement to the notice of charges dated July 18, 1947. On July 21, 1947, plaintiff made a written reply to the charges against him.
4. On August 4, 1947, the Chief of the Civilian Personnel Branch of the Office of the Chief of Finance, War Department, notified the plaintiff as follows:
1. Reference is made to our letter dated 11 July 1947, Subject: "Notice of Charges", and letter dated 18 July 1947, Subject: "Supplement to Notice of Charges", recommending discharge, pending the submission of satisfactory answers to the charges brought against you.
2. After a thorough review of all correspondence submitted by you, it is the decision of this office that you have not satisfactorily answered any of the specific charges brought against you.
3. Effective close of business 5 August 1947 you will be suspended for a period of thirty (30) days prior to your discharge in accordance with Section 14 of the Veterans' Preference Act. This suspension will be in a nonduty status, but annual leave may be taken for that period, or leave without *772 pay will be granted if you do not have sufficient annual leave to your credit. You will be discharged upon issuance of a personnel action instrument WD Form 50, effective close of business 4 September, 1947.
4. You have the right to appeal this decision to the U. S. Civil Service Commission Regional Office, Philadelphia, Pennsylvania within thirty (30) days after receipt of this letter.
The plaintiff was discharged effective at the close of business September 4, 1947.
5. The plaintiff appealed his separation action under Section 14 of the Veterans' Preference Act to the Director of the Sixth United States Civil Service Region.
The Regional Director concluded that the personnel action of the Office of the Chief of Finance, War Department, relative to the separation of Harold R. Love on the charges of false accusation and willful insubordination was not in accordance with United States Civil Service Regulation 22.2(c) under Section 14 of the Veterans' Preference Act, in that Mr. Love was not retained on an active-duty status for thirty days from the date of the receipt of his adverse notice. This decision was communicated to the plaintiff and the Government agency by letters dated September 11, 1947, from the Director of the Sixth United States Civil Service Region. The letter to the Regional Auditor, Philadelphia Regional Office, Army Audit Agency, War Department, within which jurisdiction the plaintiff fell for personnel administration, was received by that agency on September 15, 1947.
6. On September 22, 1947, the Army appealed the Regional Director's decision to the Board of Review and Appeals, United States Civil Service Commission.
Pursuant thereto, the President of the Civil Service Commission, on October 29, 1947, wrote to the Secretary of the Army as follows:
Reference is made to the appeal dated September 22, 1947, by the Chief, Civilian Personnel Branch, Management Division, Office of the Chief of Finance, Washington, D. C., from a decision of the Acting Director, Sixth U. S. Civil Service Region, disapproving under Section 14 of the Veterans' Preference Act the removal on charges of Harold R. Love from the position of Cost Analyst, CAF-11, effective September 4, 1947, Philadelphia Regional Office, Army Audit Agency, with duty station at Jeffersonville Quartermaster Depot. The regional decision to recommend the restoration of Mr. Love was based on procedural grounds, it being found that the statement of charges or reasons for removal furnished to Mr. Love did not include justification for his nonretention in an active-duty status during the thirty-day advance notice period incidental to removal.
You are advised that careful consideration has been given the entire record in the light of the agency's appeal and the Commissioners have reached the decision that the agency is not required by the regulations governing appeals under Section 14 of the Veterans' Preference Act to justify to the employee his nonretention in an active-duty status during the advance notice period but that the agency is required to justify such suspension to the Commission in the event of an appeal by the employee. The previous decision could not therefore be sustained on the basis indicated, and since it is contended by both sides that the record is incomplete the case has been remanded to the Sixth Civil Service Regional Office for any necessary further investigation, and adjudication, with respect, first, to the actual justification for the suspension action and, secondly, if such suspension action is upheld, with respect to the merits of the removal action itself.
7. On January 8, 1948, the Director of the Sixth United States Civil Service Region reversed his earlier decision and found that the suspension of Harold R. Love was in accordance with Civil Service Regulation 22.2(c) under Section 14 of the Veterans' Preference Act and also found that plaintiff's separation on the grounds of false accusation and willful insubordination was warranted and promoted the efficiency of the service. On the same date the Regional Director sent letters to the plaintiff and the Government agency communicating his decision.
*773 8. From this decision the plaintiff appealed to the Board of Appeals and Review, United States Civil Service Commission, before which hearings were held on February 24 and 25, 1948.
Thereafter, the Board affirmed the propriety of the plaintiff's separation in its decision of July 23, 1948, which read as follows:
Further reference is made to your appeal, under the provisions of Section 14 of the Veterans' Preference Act of 1944, from the decision of the Sixth Civil Service Region sustaining the action of the Department of the Army in separating you from the position of Cost Analyst, CAF-11, Regional Office, Army Audit Agency, Philadelphia, Pennsylvania.
The decision of the Sixth Region was based upon the considerations set forth in its memorandum of January 8, 1948, copy of which was furnished you.
The Civil Service Commissioners, after a careful consideration of all the facts and circumstances in your case, including the statements made by you, as well as representatives of the Department of the Army, at the hearing held before the Commission's Board of Appeals and Review on February 24 and 25, 1948, have found no basis for reversing the previous decision in your case and that decision, therefore, has been affirmed upon appeal.
9. Sometime prior to the plaintiff's separation, the plaintiff was demoted from a Cost Analyst, CAF-11, $5,152.80 per annum, to a Cost Analyst, CAF-8, $4,525.80 per annum, effective July 13, 1947. The plaintiff appealed his demotion to the Director of the Third Region of the United States Civil Service Commission who decided that the demotion was procedurally defective. In accordance with this decision, the plaintiff's demotion was rescinded and he was promoted back to the position of Cost Analyst, CAF-11, $5,152.80 per annum, effective August 20, 1947.
10. Plaintiff does not make any claim to salary for the period between September 4 and September 19, 1947, in this case. There is a suit presently pending in the United States District Court for the Western District of Kentucky, identified as Civil Action 1447, H. R. Love v. W. H. Kasten, et al., in which, among other demands, a claim is made for pay for services rendered during that period.
11. If the plaintiff had continued in his Government employment between September 19, 1947, the date this claim commences, and October 17, 1949, the date the petition was filed herein, he would have earned a total salary of $11,311.93. During this period the plaintiff's total earnings at outside employment were $1,762.50.
JONES, Chief Judge, delivered the opinion of the court.
The question is whether plaintiff's discharge from the Government service was procedurally defective under the Civil Service requirements.
Plaintiff, a veteran, was on April 2, 1945, appointed to a position as a Cost Analyst, which position he held until September 4, 1947.
The Chief of the Civilian Personnel Branch of a division of the War Department by letter dated July 11, 1947, notified plaintiff of his proposed discharge on charges of
I. Making false accusations against the Army Audit Agency, and
II. Willful insubordination.
Plaintiff, by letter dated July 15, 1947, requested further details in reference to the charges against him, which request was complied with on July 18, and on July 21, 1947, plaintiff filed a written reply to the charges against him.
On August 4, 1947, the Chief of the Personnel Branch, Finance Division, notified plaintiff that he had not satisfactorily answered any of the charges made against him and he would be discharged effective September 4, 1947.
The plaintiff was discharged effective at the close of business September 4, 1947.
On appeal the Director of the Sixth United States Civil Service Region held that the action of the Office of the Chief of Finance, *774 War Department, relative to the separation was not in accordance with the regulations in that plaintiff was not retained on an active duty status for 30 days from the date of the receipt of his adverse notice. The Army appealed to the Board of Review and Appeals, United States Civil Service Commission. On October 4, 1947, the Commission remanded the case to the Regional office for further investigation as to the justification for suspending plaintiff, and also with respect to the merits of the removal action itself.
On January 8, 1948, the Director of the Sixth United States Civil Service Region reversed his earlier decision and found that the suspension of plaintiff was in accordance with Civil Service regulations, and also found that plaintiff's separation on the grounds of false accusation and willful insubordination was warranted and promoted the efficiency of the service. Plaintiff appealed to the Board of Review and Appeals before which hearings were held in February 1948.
The Board affirmed the propriety of the plaintiff's separation in a decision dated July 23, 1948.
Plaintiff does not seek in this suit to recover salary for the period between September 4 and 19, 1947. There is a suit pending in the United States District Court for the Western District of Kentucky which involves, among other things, a claim for that period.
As indicated in our findings, and as held by the United States Civil Service Commission, the procedural requirements as set out in the law have been complied with, and when these requirements are met this court is not authorized to review the decision of the United States Civil Service Commission on the merits of the action taken. Croghan v. United States, 89 F.Supp. 1002, 116 Ct.Cl. 577; Wittner v. United States, 76 F.Supp. 110, 110 Ct.Cl. 231.
The Supreme Court has held that if the procedural requirements are complied with the Court of Claims has no jurisdiction to review the cause for the removal. Eberlein v. United States, 257 U.S. 82, 42 S.Ct. 12, 66 L.Ed. 140; Keim v. United States, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774.
When such requirements have been complied with it has been held that the only basis for setting aside the action of the administrative officer is to show that the decision was arbitrary or capricious, or so grossly erroneous as to imply bad faith. There is no such showing in this case. In the absence of such a showing the decisions have been uniform that this court may not interfere with the action of an administrative agency. We quote from the decision in the Wittner case, supra [76 F.Supp. 112]: "We are not authorized to determine whether a particular veteran should be employed. That is the province of the appropriate agency. Nor are we concerned with whether an employee should be discharged. That is properly in the hands of the affected department. Once a veteran is employed, however, we are concerned with seeing that even a proper discharge is accomplished in the manner provided by law, and that, in discharging him, the agency follows the procedure laid down by the Congress. Otherwise, the discharge is ineffective."
The petition is dismissed.
HOWELL, MADDEN, WHITAKER and LITTLETON, Judges, concur.