Jones, Chief Judge,
delivered the opinion of the court:
Plaintiff, a Civil Service employee, alleges that on June 25, 1947, he was wrongfully, illegally, and maliciously dismissed from his employment as Economist P-4, International Resources Division, Forest Products Section of the Department of State. He sues for compensation at the rate of $5,152.80 per annum from the date of his dismissal.
Plaintiff was first employed by the Defense Board on November 12,1941, was drawn into the Army under the Selective Service Act on October 28,1942, and was honorably discharged January 16,1943, for physical disability. On Febru *711 ary 19,1943, he was restored to his previous position, grade and pay. He was transferred to the Office of Economic Security Policy of the Department of State in 1945 and in 1946 was transferred to a position in the Forest Products Section of the International Resources Division of that Department, which position he was holding on June 25,1947.
On May 26, 1947, plaintiff received a letter from Arch K. Jean, Acting Chief of the Personnel Division of the Department of State, advising him that it was proposed to remove him on four charges, (1) failure to comprehend instructions, (2) failure to carry out orders, (3) inability to draft satisfactorily, (4) inability to work with others.
By the terms of the same letter plaintiff was given ten days within which to submit in writing an answer to such charges, should he wish to do so.
The plaintiff replied to the charges in a letter dated June 3,1947.
The Acting Chief of Personnel, Department of State, considered the evidence, and on June 25,1947, the plaintiff was notified in writing of the Department’s decision to dismiss him as of the close of business on that day.
The plaintiff appealed to the Civil Service Commission. The Commission determined that the discharge of plaintiff was for such cause as would promote the efficiency of the service and that the action of the Department was not arbitrary, unreasonable or capricious.
After receiving notice of the Commission’s decision, the plaintiff appealed to the Commission’s Board of Appeals and Review and requested a hearing before that Board. The hearing was scheduled, but was cancelled on request of plaintiff, who submitted a brief in lieu of a hearing.
The Board of Appeals and Review affirmed the previous decision, and so notified plaintiff in a letter dated February 18, 1948. A copy of the letter is set out in finding 15.
We find that the procedural requirements incident to the removal of plaintiff were complied with, and in the absence of substantial evidence that the action of the officials was arbitrary or capricious or that it was exercised in bad faith, we have no jurisdiction to set it aside. Blum v. United *712 States, 120 C. Cls. 232; Love v. United States, 119 C. Cls. 486; Wittner v. United States, 110 C. Cls. 231.
The plaintiff earnestly insists that such action' of the officials was arbitrary, capricious and that it originated in bad faith.
He cites first that he was earlier given notice of dismissal because of a necessary reduction in personnel. This was an across-the-board cut apparently thought necessary for budgetary reasons. One hundred employees, including plaintiff, were given such notices. Later the cut was found to be unnecessary, and the entire one hundred employees were advised in writing that such proposed action would not be taken, and that the notices were rescinded. We can find no substantial connection between this proposed step and the later action taken regularly by the defendant.
Plaintiff further avers that the action was “cooked up” by some employees. He names six people that he claims had a part in such movement, including plaintiff’s supervisor and also a section chief. There seems to be no substantial evidence of such a movement, concerted or otherwise. Plaintiff evidently thought there was. He cites no satisfactory evidence, but makes the assertion on some more or less unrelated incidents, which occur in regular operations in determining the quality of an employee’s work. On this basis he makes complaint of the action of various minor officials. It does not rise to the dignity of a charge, but sinks to the level of a suspicion. Our trial official who saw and heard the witnesses face to face found no evidence that would justify any other conclusion.
We have no doubt that it was the desire of some of the officials to dispense with his services. His rating was not of the highest, his last rating being classed as “Fair.” He had been transferred several times. One of the grounds of his dismissal was “inability to get along with others.”
■ In a previous case, Elchibegoff v. United States, 106 C. Cls. 541, in which plaintiff was allowed recovery because of procedural defects, it was disclosed that after the usual investigation of the new employee’s suitability, fitness and general qualifications, the Civil Service Commission found, as a result of such investigation, that plaintiff was unsuitable for Gov- *713 eminent employment. The Commission accordingly can-celled his existing eligibility. This investigation was interrupted by plaintiff’s military service, was renewed after his discharge, and finished in 1948.
Later, however, upon further representations the Commission on March 10,1944, restored plaintiff to limited eligibility for appointment, the limitation being “that his name is to be certified for consideration for appointment to positions of a nonsupervisory research character only, preferably to positions not involving contact with the public.” Plaintiff was appointed by the Foreign Economic Administration to the position of Foreign Affairs Economist, effective September 25,1944.
Human nature remains the same in all generations. Most of us make excuses for our shortcomings and blame them on someone else. It is difficult for anyone to admit his faults. Occasionally, however, most of us can profit from a little self-examination.
When the Civil Service Commission found that plaintiff should be assigned work that involved nonsupervisory research, preferably not involving contact with the public, when according to plaintiff’s own statement six different employees in his division desired his dismissal, when his rating was only fair, when charges were filed and each appellate body confirmed the basis of his dismissal, the record as a whole does not afford any reasonable ground to find it was all based on arbitrary or capricious action. It is frequently impossible to know of a certainty the motives of men who initiate dismissal proceedings. The fact remains, however, that the good of the service requires that the responsibility be placed somewhere. An orderly procedure has been laid down. That procedure has been followed.
In the light of the entire record there is no plausible basis for a court to make a finding of bad faith, or of arbitrary or capricious action. On no other basis are we authorized to interfere.
Plaintiff’s petition is dismissed.
Howell, Judge; Madden, Judge; WhitakeR, Judge; and Littleton, Judge, concur.
*714 The court makes findings of fact, based upon the evidence, the report of Commissioner Currell Vance, and the briefs and argument of counsel, as follows:
1. Plaintiff is a naturalized citizen of the United States, and a resident of the State of Maryland.
2. Plaintiff is a graduate of the College of the City of New York in business administration and economics and holds a doctorate in economics from the New School for Social Research.
3. Plaintiff’s experience in Federal service, private employment, and independent research has been chiefly in industry, commodity and area economics, including work on economics of forest products, textile fibers, and finished goods, agricultural commodities, economic geography, and international economics, particularly concerning countries of the Far East, Southeast Asia, Australasia, and the Western Hemisphere.
4. Plaintiff is the author of many technical economic publications pertaining to the countries of the above geographic areas and of a reference book, “United States International Timber Trade in the Pacific Area,” published in 1949 by the Stanford University Press.
5. As a result of a competitive Civil Service examination, plaintiff was appointed as Assistant Economist to the Economic Defense Board of defendant, by probational appointment, effective November 12, 1941. Subsequently he completed the probational period.
6. Plaintiff served in the United States Army from October 28, 1942, to January 16, 1943, when he was honorably discharged for physical disabilities. On February 19, 1943, he was restored to his former position, grade, and pay.
7. On September 27,1945, plaintiff was transferred to the office of Economic Security Policy of the Department of State by Executive Order No. 9630. On July 1,1946, plaintiff was transferred from the latter office to the Forest Products Section of the International Resources Division of the Department of State.
*715 8. On February 14, 1947, plaintiff was handed by his superior the following letter, dated February 13, 1947:
The Department of State, in order to meet budget limitations and staffing requirements, has found it necessary to effect a personnel reduction involving certain of its activities. In this connection, it has been decided that positions in your competitive level are to be eliminated.
The retention register prepared as a result of this decision discloses that you have been reached for separation. Therefore, your active service will be terminated as of the close of business March 15, 1947. Upon separation from the Department, you will receive a lump-sum payment for all annual leave to your credit as of your last day of active duty.
This action has been taken with strict adherence to the provisions of the reduction in force regulations, promulgated by the Civil Service Commission. You are entitled, at any time, to review these regulations and inspect the retention list in which your name appears in Room 104, Walker-Johnson Building. If you feel that there has been a violation of your rights under these regulations, you are free to appeal our action to the Civil Service Commission, Washington 25, D. C., within ten days of receipt of this notice. Appeals should indicate date of separation, date of notice, and reasons for appeal.
If you wish, the Personnel Relations Section, Room 252, Walker-Johnson Building, will assist in referring you for possible placement outside the department. For your information, the Civil Service Commission has decentralized its recruitment functions to the individual establishments, and personal contact with those establishments will be necessary in applying for transfer.
Please be assured that we sincerely appreciate the contribution you have made to the Federal Service, and that we regret the necessity for taking this action. We trust that you will be successful in finding another suitable position in the near future.
9. On March 19,1947, plaintiff received the following letter dated March 14, 1947, from the Division of Departmental Personnel, Department of State:
Reference is made to my letter dated February 13, 1947, notifying you of your separation due to reduction in force effective at the close of business March 15,1947.
This office has been advised that your position will not be abolished at the present time, and that it will *716 not be necessary to terminate your services at this time.
Therefore, please disregard instruction contained in my letter of February 13,1947.
10. The letter notifying plaintiff that he was being separated in a reduction in force was one of about one hundred issued to various employees of the Department of State, in the belief that funds were insufficient to retain such employees. It was later discovered that this belief was unfounded, and the majority of such separation notices, including that received by plaintiff, were rescinded.
11. By letter, addressed to the plaintiff on May 26, 1947, and received by him on that date, from Mr. Arch K. Jean, Acting Chief of Division of Departmental Personnel, State Department, the plaintiff was advised of his proposed removal on four charges, viz, (1) failure to comprehend instructions, (2) failure to carry out orders, (3) inability to draft satisfactorily, (4) inability to work with others. The last paragraph of the notice of proposed adverse action read as follows:
You are given ten days from the date of this letter to submit any answers you desire, in person and in writing, to the above charges. You may present affidavits in support of any answers you may wish to make. Upon receipt of your reply a determination will be made with respect to final action to be taken by the Department.
■ 12. The plaintiff replied to the charges preferred against him by letter to the Acting Chief of Departmental Personnel, Department of State, dated June 3, 1947. The latter official carefully and fairly considered the evidence on both sides. Thereafter, on the afternoon of June 25, 1947, the plaintiff was notified in writing of the decision of the Department to dismiss him at the close of business on that day, which time marked the expiration of the required thirty-day notice period contained in the Veterans’ Preference Act of 1944.
13. The plaintiff appealed his separation action under Section 14 of the Veterans’ Preference Act to the United States Civil Service Commission. The Commission determined that the discharge of Mr. Elchibegoff was for such cause as would promote the efficiency of the service as provided in *717 Section 14 of the Veterans’ Preference Act of 1944, as amended, and that the personnel action of the Department of State effecting his removal was not arbitrary, unreasonable or capricious. The plaintiff was notified of the Commission’s decision affirming the action taken by the Department of State in discharging him, by letter from the Commission’s Chief Law Officer, dated October 27, 1947.
14. On October 30, 1947, the plaintiff appealed from the adverse decision of the Chief Law Officer of the Civil Service Commission to the Commission’s Board of Appeals and Review and requested a hearing before the Board. In accordance with plaintiff’s request a hearing was scheduled. The plaintiff then requested that the scheduled hearing be canceled, and submitted a brief in lieu thereof.
15. In sustaining plaintiff’s dismissal, the Board of Appeals arid Review notified plaintiff on February 18, 1948, as follows:
Reference is made to your appeal from the decision of the Chief Law Officer, sustaining under Section 14 of the Veterans’ Preference Act your removal effective Juné 25, 1947, from the position of Economist, P-4, Department of State, on charges of inefficiency.
The Commission’s Board of Appeals and Review has given careful consideration to your statements and to all the evidence obtained in the investigation which was conducted in your case, but has found no basis for modifying the decision previously reached. The Board finds no element of new evidence in your appeal and it is shown that the Department’s action in your case was not arbitrary, unreasonable or unwarranted, but was for such reason as would promote the efficiency of the Service within the meaning of Section 14 of the Veterans Preference Act. In view of the foregoing and for the reasons set forth in the decision of the Chief Law Officer, the recommendation that no change be made in the personnel action of the Department of State in your case has been affirmed.
16. By delegation from the Secretary of State, the Chief of the Division of Departmental Personnel has the responsibility for dismissals and suspensions from the Department of State. During the time pertinent to this case, the occupant of that position was Mr. Arch K. Jean. This official at no time bore any ill will toward the plaintiff and his *718 decision to dismiss the plaintiff was made in good faith after consideration of the evidence before him.
17; During the time pertinent to this case, the Chief, Forest Products Section, International Resources Division, Department of State, in which section plaintiff was employed, was Mr. Frank H. Whitehouse. At no time did Mr. Whitehouse bear any ill will toward the plaintiff and he treated the plaintiff fairly and impartially.
18. The last official regular efficiency rating received by the plaintiff, prior to his dismissal, was-based on his performance during the period April 1,1946, to March 31,1947, and he was given an adjective rating of “Fair.” Computed on the basis of the “Fair” efficiency rating, if the plaintiff had continued in his Government employment between June 26, 1947, the date this claim commenced, and May 23, 1950, the date the petition was filed herein, he would have earned a total salary of $15,726.18. During this period plaintiff received no income from outside employment.
CONCLUSION OF LAW
Upon the foregoing special findings of fact, which are made a part of the judgment herein, the court concludes that as a matter of law, the plaintiff is not entitled to recover, and the petition is therefore dismissed.
Judgment will be rendered against the plaintiff for the cost of printing the record herein, the amount thereof to be entered by the clerk and collected by him according to law.