Laramore, Judge,
dissenting:
Section 14 of the Veterans’ Preference Act, supra, provides that no preferential eligible shall be discharged, suspended for more than 30 days, furloughed without pay, reduced in rank or compensation, or debarred from future appointment except for such cause as will promote the efficiency of the service and for reasons given in writing, and the persons whose discharge, suspension for more than 30 days, furlough without pay, or reduction in rank, or compensation is sought shall have at least 30 days’ advance written notice, stating any and all reasons, specifically and in detail, for any such proposed action.
It is to foe noted that the statute does not provide for a 30-day active duty notice. Section 14, supra, merely provides for at least 30 days’ advance written notice. There can be no doubt as indicated in the findings that plaintiff was given 30 days’ advance written notice.
The question then is what are plaintiff’s rights during the 30-day notice period.
Section 22.2 (c) of the Civil Service regulations, supra, provides that whether the employee is given 30 days’ advance notice or less than 30 days’ notice, he shall be retained in an active duty status during such notice period, except in cases where the circumstances are such that retention may be detrimental to the interests of the Government. The employee may during the notice period be placed on annual leave, provided he has sufficient leave to his credit to cover the required period. The reasonableness of the application of such exceptions in any case will be considered in connection with the entire case.
The Civil Service Commission on March 7,1950, held that the agency’s action in placing plaintiff on annual leave during this period was reasonable and warranted.
There was concededly a 30-day notice given. The only complaint of irregularity is that plaintiff was placed on an *393 nual leave for tbe 30-day notice period. This, under the Civil Service regulations, supra, can be done when the circumstances are such that retention on active duty status “may be detrimental to the interests of the Government.” Whether in the circumstances of a particular case retention is or is not detrimental to the interests of the Government, are matters of the same nature as those relating to a discharge. The latter is not for the Court of Claims to decide. When the procedural requirements as set out in the law and regulations have been complied with, this court is not authorized to review the decisions of the U. S. Civil Service Commission on the merits of the action taken. Croghan v. United States, 116 C. Cls. 577; Wittner v. United States, 110 C. Cls. 231; Love v. United States, 119 C. Cls. 486.
The Supreme Court has held that if the procedural requirements are complied with, the Court of Claims has no jurisdiction to review the cause of removal. Eberlein v. United States, 257 U. S. 82; Keim v. United States, 177 U. S. 290.
By the same reasoning this lesser matter of his status during the notice period should not have greater importance than the actual dismissal, and the agency’s determination of the matter when sustained by the Civil Service Commission should not be reviewed by the court.
When such requirements have been complied with, the only basis for setting aside the action of the administrative officer is to show that the decision was arbitrary or capricious, or so grossly erroneous as to imply bad faith. There is no such showing in this case. In the absence of such a showing, the decisions have been uniform that this court may not interfere with the action of the administrative agency.
In addition, I do not understand why the logic of the decision of the court does not lead to the conclusion that the separation was completely invalid. If, as the court holds, the procedure required by the statute was not complied with, that would seem to be the necessary result.
I would dismiss the petition.
Madden, Judge, joins in the foregoing dissent.
*394 FINDINGS OF FACT
The court, having considered the evidence, the report of Commissioner Paul H. McMurray, and the briefs and argument of counsel, makes findings of fact as follows:
1. Plaintiff, a citizen of the United States, is an honorably discharged veteran of World War I. In 1949 he was employed by the U. S. Public Health Service Plospital, Fort Worth, Tesas, and had been employed by the Federal Government in various civil service jobs since 1931.
On March 25, 1949, plaintiff received notice of proposed action to remove him from his job, effective April 27, 1949. This notice was followed by a series of hearings and appeals, which are hereinafter set forth in detail. The effective date of removal was later extended from April 27, 1949, to June 4, 1949.
2. The notice of March 25,1949, referred to above, advised plaintiff that action was being taken, pursuant to Section 14 of the Veterans Preference Act, to effect his removal as of the close of business April 27, 1949. The notice further stated that the reasons for his removal were: (1) insubordination, (2) misconduct, (3) adversely affecting station morale and (4) good of the service. This notice also informed plaintiff that he was being placed on annual leave, effective 8: 00 a. m., Monday, March 28,1949, and would remain on annual leave for the period March 28, 1949, through the close of business April 27,1949, because his retention in a duty status would hamper the operations of the station. Plaintiff had sufficient accrued annual leave to cover this thirty-day period. He was directed by this notice to refrain from visiting any of the operating parts of the station without specific approval of the medical officer in charge. He was also informed of his right to answer the charges.
3. By letter dated March 30, 1949, plaintiff replied in detail to the charges contained in the notice of removal.
On April 5, 1949, plaintiff was advised that his answer had been carefully considered, that an adverse decision had been rendered in his case, and that he would remain on annual leave through April 27,1949, as stated in the original *395 letter of charges. He was also advised by this letter of his right to appeal the agency’s decision.
By letter dated April 11, 1949, plaintiff appealed to the Fourteenth United States Civil Service Eegion, Dallas, Texas.
4. On April 15,1949, plaintiff requested, in writing, consideration of his case by an agency grievance committee. In this letter plaintiff cited four specific complaints and designated one member of the Hearing Committee. The medical officer in charge of the hospital nominated another member and those two selected the third. Plaintiff was notified accordingly and this committee held a hearing, at which plaintiff appeared and testified. A copy of the proceedings was furnished him. The committee, in a unanimous opinion, ruled that the plaintiff’s grievance had not been substantiated, and that no change in the removal action was indicated.
5. On May 16,1949, plaintiff was advised in writing of the decision of the Grievance Committee and was again advised of his appeal rights.
On May 19, 1949, he appealed the action of the Grievance Committee. This appeal was denied on June 16, 1949.
6. On June 16 and 17,1949, the United States Civil Service Commission, Fourteenth Regional Office, Dallas, Texas, held a hearing on plaintiff’s appeal, under Section 14 of the Veterans Preference Act, at which time the plaintiff was present.
By letter dated August 2, 1949, the medical officer in charge at the hospital was forwarded a copy of the decision of the hearing examiner who conducted the hearing. This decision, also dated August 2, 1949, stated that the record in the case revealed that the notice of adverse action was issued thirty days in advance, that it was specific and in detail, and that plaintiff was given the opportunity to reply to the charges. It then went on to consider the procedural aspect of the case relating to the retention or nonretention of plaintiff in an active duty status during the thirty-day advance notice period. The examiner cited Part 22.2 (c), chapter Zl, Federal Personnel Manual, as providing that a preference eligible who is to be removed “shall be retained in an active duty status during such notice period, except that in cases where the circumstances are such that the reten *396 tion of the employee in an active duty status may result in damage to Government property, or may be detrimental to the interests of the Government, or injurious to the employee, his fellow workers or the general public, the employee may during the notice period be temporarily assigned to duties in which these conditions would not exist, or placed on annual leave, provided he has sufficient leave to his credit to cover the required period, or placed on leave without pay with his consent.” The decision concluded that since plaintiff has not been kept on duty during this thirty-day period, his removal was procedurally defective; it specifically reserved comment with respect to the merits of the case.
7. This decision of August 2, 1949, holding that there was a procedural defect, was on August 9, 1949, appealed to the Civil Service Commission by the TJ. S. Public Health Service Hospital, Ft. Worth, Texas. A hearing before the Civil Service Commission Board of Appeals and Review was held on September 23,1949, at which time the plaintiff was represented by an official of the American Legion who had served in the same capacity on a prior occasion.
8. On December 2, 1949, the aforesaid Board of Appeals and Review notified the Public Health Service Hospital in writing that the reasons advanced for the nonretention of Mr. Taylor in an active duty status for the full term of the thirty-day advance notice period are such reasons as might be urged in justification of nonretention in advance of any disciplinary removal action, but did not constitute exceptional circumstances contemplated by the regulations as justifying curtailment of the advance notice period. It was, accordingly, found that there had been a violation of the procedural requirements of its regulations in effecting the removal of plaintiff. Plaintiff was notified in writing of the Board’s decision.
9. On December 20,1949, the agency appealed the decision of the Board of Appeals and Review, referred to in finding 8, to the full Civil Service Commission. This appeal reiterated that the only issue involved in the appeal was a limited, procedural issue, namely, the question of what circumstances would justify the agency officials in not keeping the employee, who was being removed, in an active duty status *397 during the thirty-day notice period. The agency advised the Civil Service Commission that the administrative decision, not to retain the plaintiff in an active duty status during this thirty-day notice period, was made only after careful consideration by the medical officer in charge of the hospital, after consultation with officials and psychiatrists of the Public Health Service and that the medical officer in charge and his staff psychiatrists were convinced that retaining plaintiff on duty during this advance notice period would involve the serious probability of injury to hospital personnel.
10. A hearing was held before the full Civil Service Commission on March 1,1950, at which time plaintiff was represented.
By letter dated March 7, 1950, the interested parties were notified that the Civil Service Commission had reversed its previous decision and had ruled that the agency’s action in placing Mr. Taylor on annual leave during the thirty-day notice period was reasonable and warranted. The prior requests for restoration of plaintiff to duty were withdrawn and the case remanded to the Board of Appeals and Review for final adjudication on the merits. This letter explained to the agency that the reasons for not keeping plaintiff on duty during the thirty-day notice period did not have to be included in the removal charges to the employee but should have been presented to the Commission’s Regional Office.
11. By letter of March 19, 1950, plaintiff protested the decision of the Civil Service Commission of March 7, 1950, and a hearing in the case before the Board of Appeals and Review was scheduled for April 19, 1950, but postponed to May 5, 1950. It was held on that date and plaintiff was represented. The Board of Appeals and Review remanded the case to the Fourteenth Regional Office of the Civil Service Commission, Dallas, Texas, for adjudication on the merits and plaintiff was notified accordingly.
12. By letter dated October 12,1950, plaintiff advised the Fourteenth Civil Service Regional Office, in essence, that he was submitting his case for adjudication on the merits on the basis of the documents attached thereto and waived any further hearing in the matter. By decision dated Febru *398 ary 13, 1951, the Fourteenth Civil Service Region upheld the action of the agency in removing plaintiff from his position and furnished plaintiff a copy of the decision.
13. By letter dated February 14, 1951, plaintiff appealed the decision of February 13,1951, to the Civil Service Commission.
A hearing on plaintiff’s appeal was scheduled by the Civil Service Commission’s Board of Appeals and Review for May 9,1951, and was held on that date. Plaintiff was again represented at the hearing. The Board, on August 17, 1951, affirmed the decision of the Fourteenth Region and notified the interested parties accordingly. Plaintiff’s removal was effected as of June 4,1949.
14. The evidence in the case fails to establish that plaintiff’s removal was arbitrary or capricious or that it was motivated by bad faith.
15. Section 22.2 (c) of the Civil Service Regulations, as it appeared in 1949, when plaintiff was removed, provides as follows:
(c) Status of employee during period of advance notice. Whether the employee is given thirty (30) days advance notice, under paragraph (a) of this section, or less than thirty (30) days notice under paragraph (a) (2) of this section, he shall be retained in an active duty status during such notice period, except that in cases where the circumstances are such that the retention of the employee in an active duty status may result in damage to Government property, or may be detrimental to the interest of the Government, or injurious to the employee, his fellow workers or the general public, the employee may during the notice period be temporarily assigned to duties in which these conditions would not exist, or placed on annual leave, provided he has sufficient leave to his credit to cover the required period, or placed on leave without pay with his consent. No suspension during such notice period can be effected except as provided in § 9.102 (a) (1) of this chapter. The reasonableness of the applications of such exceptions in any case will be considered in connection with the entire case in the event that the employee subsequently appeals from the final adverse decision reached by the administrative officer.
*399 CONCLUSION OF LAW
Upon tbe foregoing findings of fact, which are made a part of the judgment herein, the court concludes that as a matter of law the plaintiff is entitled to recover.
Judgment will be suspended until the incoming of a stipulation of the amount due plaintiff, computed in accordance with this opinion, or, in default of the filing thereof in 30 days, until the incoming of a report of a Commissioner showing the amount due.
In accordance with the opinion of the court and on a stipulation by the parties showing the amount due thereunder, it was ordered July 12,1955, that judgment for the plaintiff be entered for $429.55.