Salvatore J. INDIVIGLIO
v.
The UNITED STATES.
No. 428–60.
United States Court of Claims
Feb. 7, 1962.
Rehearing Denied May 9, 1962.

Thomas A. Ziebarth, Washington, D. C., for plaintiff. Samuel Resnicoff, New York City and Shipley, Akerman & Pickett, Washington, D. C., on the brief.

Edwin J. Reis, Washington, D. C., with whom was William H. Orrick, Jr., Asst. Atty. Gen., for defendant

LARAMORE, Judge.

This is an action by plaintiff to recover damages from defendant for an alleged wrongful separation from his employment in the Federal Housing Administration. The Federal Housing Administration stated it was separating plaintiff to promote the efficiency of the service.

The case arises on cross-motions for summary judgment and presents these questions: Has plaintiff failed to exhaust his administrative remedies; may plaintiff, a nonveteran, seek review of a determination of the Federal Housing Administration to separate him for the efficiency of the service where there were no procedural irregularities; were the rules and regulations of the Federal Housing Administration valid?

■ Plaintiff, in his petition, alleges that the agency violated its own rules and regulations in dismissing him. The petition does not set forth what rules or regulations were violated and it is diffi-

cult, if not impossible, to determine from the petition whether the alleged violation was a procedural one or something else. Of course, if plaintiff's allegation is aimed at a procedural error, it is incumbent upon him to appeal the dismissal to the Civil Service Commission. Plaintiff did not process an appeal to the Civil Service Commission based on a violation of procedures, and his failure in this respect would necessarily bar this action. Adler v. United States, 146 F. Supp. 956, 134 Ct.Cl. 200, cert. denied Baker v. United States, 352 U.S. 894, 77 S.Ct. 131, 1 L.Ed.2d 87.

■ However, plaintiff in his petition and brief, goes a step further. He charges that the rules and regulations of the agency were unreasonable and imposed an undue and restrictive burden on him.

We can see no merit in this contention. The policy and regulations of the Federal Housing Administration contained in an FHA Handbook for Employees provided as follows:

"OUTSIDE ACTIVITIES—The FHA policy on outside activities specifically prohibits any employee from engaging in outside employment or outside activities, as described here, without first obtaining approval from the Director of Personnel.

"Under the standards of the FHA policy, outside activities may be divided into two broad categories, outside employment and outside interest.

"Outside employment is any compensatory assignment other than FHA employment (excluding only an assignment with a reserve component of the military forces).

"Outside interest is any direct or indirect interest or activity that can reasonably be construed as being in conflict with any interests of the FHA.

\*  \*  \*  \*  \*  \*

"Each FHA employee is required to complete an outside activities report form (FHA Form 843) (1) at

the time of entrance on duty, (2) when the nature or scope of the approved activity is being permanently discontinued or changed, (3) when the employee wishes to enter into any outside employment or activity that has not been specifically approved, and (4) when he is specifically instructed to do so, even though no change in his approved outside activity is contemplated.

"An employee's decision to include or exclude his specific interest or activity in this report should not hinge on whether it is maintained or carried on for profit, or whether it is maintained or carried on for himself or on behalf of another. The decision should be made only on the basis of whether or not that interest or activity would appear to conflict, now or in the future, with the proper and impartial exercise of responsibility.

\* \* \* \* \* \*

"Supplementing the policy on outside activities in general, more detailed policies and standards have been established for the following particular types of outside activity.

"PERSONAL REAL ESTATE TRANSACTIONS—Because FHA operations are directly concerned with real estate, FHA employees in their personal real estate transactions must avoid any possible criticism in connection with such transactions.

"When FHA insurance is not involved, a personal real estate transaction of an employee with respect to his own home is not restricted in any way and need not be reported to the FHA. If the builder, seller, broker, or mortgagee has business before the FHA, the employee must submit a statement that no special benefit will accrue to him and that in his opinion the completed transaction will not conflict with FHA policies.

"Whether or not FHA insurance is involved a personal real estate transaction involving property which is not to be used as a home for the employee or his family must be reported on FHA Form 843, Statement of Outside Activities."

Under the circumstances, rather than being unreasonable and restrictive, because of the nature of the Federal Housing Administration's activities, we think the policy and regulations were indeed necessary to a complete and honest function of the agency. There is nothing unusual or harsh therein contained, and in many other instances similar regulations and policies are enforced. For instance, a Department of Justice lawyer cannot engage in the private practice of law. Judges cannot engage in the practice of law. The Federal Power Commission prohibits its employees or members of their families from owning any utility, oil, or gas stocks or bonds. There are many others.

Thus, when the agency maintained a stated policy prohibiting outside activities which might reasonably be construed as being in conflict with any interests of the Federal Housing Administration, it is not only reasonable, but also necessary and normal. Furthermore, this was a condition of plaintiff's employment. He knew at the time he went to work in the agency what the policy and regulations were. The public policy behind such a prohibition is set forth by the Supreme Court in the case of United States v. Mississippi Valley Generating Co., 364 U.S. 520, 81 S. Ct. 294, 5 L.Ed. 268. There the Court, in discussing this policy as embodied in a criminal conflict of interest statute, 18 U.S.C. 434, stated 364 U.S. at page 549, 81 S.Ct. at page 309:

"\* \* \* The statute is thus directed not only at dishonor, but also at conduct that tempts dishonor. This broad proscription embodies a recognition of the fact that an impairment of impartial judgment can occur in even the most well-meaning men when their personal economic interests are affected by the business they transact on behalf of the Government. To this extent, there-

fore, the statute is more concerned with what might have happened in a given situation than with what actually happened. It attempts to prevent honest government agents from succumbing to temptation by making it illegal for them to enter into relationships which are fraught with temptation. Rankin v. United States, 98 Ct.Cl. 357." [1]

█ Plaintiff denies that he engaged in any outside activities in conflict with his official duties. However, it has many times been held that a court will not inquire into the merits of a decision to separate an employee for the efficiency of the service where procedural requirements are complied with or are not involved. Eberlein v. United States, 257 U.S. 82, 42 S.Ct. 12, 66 L.Ed. 140; Keim v. United States, 177 U.S. 290, 20 S.Ct. 574, 44 L. Ed. 774; Monday v. United States, 146 Ct.Cl. 6, cert. denied 361 U.S. 965, 80 S. Ct. 804, 4 L.Ed.2d 545; Jordan v. United States, 158 F.Supp. 715, 138 Ct.Cl. 647; Croghan v. United States, 89 F.Supp. 1002, 116 Ct.Cl. 577, cert. denied 340 U.S. 854, 71 S.Ct. 71, 95 L.Ed. 626; Culligan v. United States, 107 Ct.Cl. 222, cert. denied 330 U.S. 848, 108 Ct.Cl. 761, 91 L.Ed. 1292; Love v. United States, 119 Ct.Cl. 486, cert. denied 342 U.S. 866, 72 S.Ct. 106, 96 L.Ed. 651; Vaughn v. United States, 158 F.Supp. 106, 141 Ct.Cl. 208.

This is especially true when the charge is made, as it was in this case, that the employee "made conflicting and misleading statements when * * * questioned concerning the matter by an authorized representative of the compliance staff, House and Home Finance Agency." Certainly this was a housekeeping job entrusted to the officials of the agency.

Plaintiff in his reply brief says he did not knowingly make any conflicting or misleading statements. He further charges that the investigator made certain threats, etc. However, this is a

bare statement by his attorneys, unverified and not contained in an affidavit. Consequently, we cannot accept this as a fact.

In summary, plaintiff did not exhaust his administrative remedies with respect to any procedural error; the policy and regulations of the agency are valid and have the force and effect of law; the determination of whether to separate an employee for the efficiency of the service is within the peculiar competence of the employing agency.

Accordingly, defendant's motion for summary judgment is granted, and plaintiff's motion is denied. The petition will be dismissed.

It is so ordered.

REED, Justice (Retired) sitting by designation, JONES, Chief Judge, and DURFEE and WHITAKER, Judges, concur.

---

[1]. It is true that no claim was made that plaintiff violated this statute; however, the reasoning very aptly applies in this case.