**Arthur McKAMEY**

v.

**The UNITED STATES.**

No. 258–69.

United States Court of Claims.

April 14, 1972.

Manuel Auerbach, Washington, D. C., attorney of record, for plaintiff; Mc-

10. *See* note 1 *supra.*

Cart, Sutphin & Auerbach and Robert F. Sutphin, Washington, D. C., of counsel.

LeRoy Southmayd, Jr., Washington, D. C., with whom was Asst. Atty. Gen. L. Patrick Gray, III, for defendant.

Before DAVIS, Acting Chief Judge, LARAMORE, Senior Judge, and COLLINS, SKELTON, NICHOLS, KASHIWA, and KUNZIG, Judges.

## ON PLAINTIFF'S MOTION AND DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT

KUNZIG, Judge:

Plaintiff, a preference eligible within the meaning of the Veterans' Preference Act of 1944, as amended, 5 U.S.C. § 863 (1964 ed.), sued to recover wages which he alleges were due him as a result of his unlawful removal from his position as Chief of Police of the Department of the Navy, Naval Research Laboratory (NRL) in Washington, D. C. Both parties move for summary judgment.

Plaintiff was first emplyed as a Civil Service employee at the NRL on August 16, 1946. He served there continuously until his discharge on December 27, 1965. On July 29, 1965, without any prior notice or warning, plaintiff was called into the office of the Acting Director of Support Services and thereupon presented with a lengthy Letter of Charges. At this time, plaintiff was also relieved of his duties as Chief of Police. The proposed removal was for "conduct unbecoming an employee of the Federal government." The charges alleged that plaintiff had engaged in numerous actions and activities of an immoral, indecent and unethical nature while in the employ of the NRL. At this time, plaintiff told the Acting Director that he wished to have a right to reply. The Acting Director, however, did not provide plaintiff with the opportunity to make an oral explanation.

On August 6, 1965, plaintiff sent a letter to the Acting Director in which he denied the charges and stated that he felt it was regrettable that the Acting Director had seen fit to remove him from his duties "without giving me an opportunity to be heard."

No reference was ever made by the Acting Director to plaintiff's requests for his right to an oral reply. A hearing was held before the Hearing Advisory Committee commencing October 11, 1965. On December 22, 1965, the Director of the NRL informed plaintiff of his removal, which was to become effective December 27, 1965.

Thereafter plaintiff appealed to the Chief of Naval Research and on February 11, 1966, the Chief upheld the decision of the Director. Plaintiff next appealed to the Chief, Appeals Examining Office, United States Civil Service Commission, which rendered its decision on June 9, 1966, sustaining the removal action.

Plaintiff then appealed to the Board of Appeals and Review of the Civil Service Commission which, in its decision dated November 16, 1966, sustained four of the seven remaining charges. It concluded that the sustained charges were sufficient to justify plaintiff's removal. Plaintiff's request to the Civil Service Commission for a reopening of the appeal was denied by a letter dated April 3, 1968.

Plaintiff has alleged numerous violations of his procedural rights before and during the various hearings. Since we believe that plaintiff is correct in stating he was denied the right to answer the charges personally as guaranteed by Section 14 of the Veterans' Preference Act and NCPI 750.5–3b(5), the following discussion will be limited to this point.

Section 14 of the Veterans' Preference Act requires that the "preference eligible shall be allowed a reasonable time for answering the [written charges] personally and in writing. * * *" NCPI 750.5–3b(4) states:

Reasonable time to answer. The notice shall advise the employee that he

may reply personally and in writing to the proposed action and that he may furnish affidavits in support of such answer.

The Department of the Navy issued a clarification of the above regulation (OIR Notice 12750 of 1 March 1963), which states that

> [A]n advance notice of proposed adverse action shall advise the employee "he may reply personally and in writing to the proposed action" and "he will be granted a hearing, upon request." The provision for a hearing is a right additional to that of replying "personally." The term "personally" means that an employee may meet in person with the individual or individuals having authority to take or designated to recommend final action.

It is clear both that plaintiff did, in this case, request the opportunity to reply orally and that defendant did not afford him this right.

■ This court has long held that the right to a personal reply is an unqualified right and the failure of the NRL to follow its own regulations with respect to the oral reply is a fatal defect in its dismissal action. *See* Ricucci v. United States, 425 F.2d 1252, 192 Ct.Cl. 1 (1970); Tierney v. United States, 168 Ct.Cl. 77 (1964); Mallow v. United States, 161 Ct.Cl. 207 (1963); Washington v. United States, 147 F.Supp. 284, 137 Ct.Cl. 344, cert. dismissed per stipulation, 355 U.S. 801 (1957); Wittner v. United States, 76 F.Supp. 110, 110 Ct.Cl. 231 (1948).

■ Therefore, plaintiff is entitled to recover back pay and judgment is entered to that effect. Plaintiff's motion for summary judgment is allowed and defendant's motion for summary judgment is denied. The amount of recovery will be determined pursuant to Rule 131(c).