### Francis I. POLLARD
### v.
### The UNITED STATES.
### No. 188–56.

United States Court of Claims.
May 8, 1957.

Francis I. Pollard pro se.

George L. Ware, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

PER CURIAM.

Plaintiff, a former employee of the Bureau of Internal Revenue and a veteran, sues for back pay withheld during a ten-day period of suspension in 1954, and for his daily pay for three days' leave which he found necessary to use.

Plaintiff, a civil servant at all times material, was employed by the Bureau of Internal Revenue at Lowell, Massachusetts. His group supervisor filed charges against him which culminated in his suspension from duty without pay from March 22 through April 2, 1954. Plaintiff asserts that he was also forced to take three days' leave without pay. Plaintiff appealed his suspension through channels provided by the agency's grievance procedure, but his appeal was unsuccessful.

In a letter to the District Director, U. S. Civil Service Commission, Boston,

Mass., dated November 11, 1956, the plaintiff requested that his appeal be considered. In a letter dated December 11, 1956, the District Director of the First United States Civil Service Region informed plaintiff of his rights which were set out in Part 9 of the Civil Service Regulations, 5 C.F.R. 9.102 (a) (1) and 9.105 (1949 Ed.). In the letter the District Director pointed out that the regulations provided that no case would be investigated unless the request therefor was received by the Commission within ten days after the effective date of the action, but that this time limit might be extended in the discretion of the Commission upon a showing by the employee that circumstances beyond his control prevented him from filing a timely request. Plaintiff was requested to indicate why he had not appealed within the time limit, and to indicate which of his rights under the applicable regulations had been violated.

After the plaintiff had replied in a letter dated December 18, 1956, the Regional Director notified plaintiff, in a letter dated January 9, 1957, that his appeal would be considered despite the fact that it had not been timely filed. The Regional Director's letter informed plaintiff that the Commission could not institute an investigation on the employee's mere statement that he believed his rights had been violated, and requested that plaintiff make a detailed statement under oath as to which rights had been violated, and submit it together with supporting evidence. It was requested that plaintiff reply within seven days.

No reply was received and on January 23, 1957, the Regional Director notified plaintiff that his case was being closed out and would not be considered further. Plaintiff was also advised that if he believed the decision of the First Region office was improper he could appeal to the Civil Service Commission in Washington, D. C., within seven days. It does not appear that plaintiff made any such appeal.

From an examination of the record in this case it appears obvious that plaintiff failed to exercise his right of appeal to the Civil Service Commission although given every opportunity to do so. When an adminstrative remedy is readily available to a party, as in the present case, he is required to resort to it before invoking the aid of the court. William H. Heffernan v. United States, 137 F.Supp. 437, 133 Ct.Cl. 839.

Defendant's motion is granted and the petition is dismissed.

It is so ordered.