Joseph A. JORDAN

v.

UNITED STATES.

No. 223–56.

United States Court of Claims.

June 5, 1957.

Donald H. Dalton, Washington, D. C., for plaintiff.

Francis P. Borden, Jr., Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

WHITAKER, Judge.

Plaintiff, a senior parachute and clothing repairer in the classified civil service at the Andrews Air Force Base, was discharged on September 1, 1950, on the ground that he had unlawfully removed Government property from the Andrews Air Force Base. Later, on February 13, 1956, he was reemployed in substantially the same position. He sues for the pay he would have received in the interim.

He bases his action on the allegation (1) that he was arbitrarily denied a hearing prior to his discharge; (2) that he was illegally removed without any cause which would promote the efficiency of the classified civil service; and (3) that some four years later he was denied a grievance hearing on his alleged illegal removal.

The case is now before us on motions by both parties for summary judgment.

 With reference to plaintiff's first ground, the Lloyd-LaFollette Act (37 Stat. 555; 5 U.S.C.A. § 652), does not require that a hearing be granted an employee as a prerequisite to his discharge. It reads in part:

"No examination of witnesses nor any trial or hearing shall be required except in the discretion of the officer or employee directing the removal or suspension without pay."

Second: We do not inquire whether or not plaintiff was removed without cause, if the procedure pre-scribed by the Lloyd-LaFollette Act has been followed. Eberlein v. United States, 257 U.S. 82, 42 S.Ct. 12, 66 L.Ed. 140; Keim v. United States, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774; Crogham v. United States, 89 F.Supp. 1002, 116 Ct. Cl. 577; Wittner v. United States, 76 F. Supp. 110, 110 Ct.Cl. 231.

The Act did not require, in any event, that plaintiff be given a grievance hearing on his allegation that his removal was illegal, and especially not when his application for such hearing was made four years after his discharge.

Third: About six years after his discharge, plaintiff was reinstated in substantially the same position he had formerly held, but there was no finding by anybody that his prior discharge had been unjustified or unwarranted, as is required by statute.

Plaintiff's motion is denied. Defendant's motion for summary judgment is granted, and plaintiff's petition is dismissed.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN and LITTLETON, Judges, concur.