Laramore, Judge,
delivered the following opinion:
Plaintiffs, non-veteran civilian employees of the New York Port of Embarkation, Department of the Army, sue for back pay alleged to be due them for the reason that in violation of the Lloyd-La Follette Act of 1912, 37 Stat. 539, 555, as amended 62 Stat. 355, 5 U.S.C. § 652(b) (1), they were removed from their classified Civil Service positions and were subsequently restored to these positions. The back pay alleged to be due them is from the date of their removal to the date of their restoration.
Both plaintiffs and defendant have filed motions for summary judgment.
*33 The facts as alleged and as shown by the exhibits filed are as follows:
Prior to September 17, 1953, plaintiffs were employed as aforesaid, plaintiff Gioffre as a Civil Engineer, GS-12, and plaintiff Kooy as a Civil Engineer, GS-9.
On August 17,1953, both plaintiffs were notified in writing of an intention to remove them from duty and pay on approximately September 18, 1953, for failure to properly protect the Government interests in certain contract matters. The notices set forth the charges upon which the proposed removals were based and advised plaintiffs of their right to reply in writing. Plaintiffs did reply, and on September 2, 1953, plaintiffs were notified that, based on the facts and their replies to the charges, it was the opinion of the personnel officer that their removals were warranted. On the same day plaintiffs received formal notice of removal for cause.
Thereafter plaintiffs appealed to a Special Grievance Committee, which committee on May 21, 1954, issued its report regarding the removal action taken against plaintiffs. The majority of the Committee (two) recommended that plaintiffs be restored to their jobs with forfeiture of one month’s pay. The minority member recommended restoration, but forfeiture of all pay during the period of their removal. The recommendation of the Grievance Committee was disapproved by the Commanding General of the New York Port of Embarkation on May 28, 1954.
Plaintiffs were informed of the above action in writing on June 2, 1954, and were further informed of their right to appeal from that decision within 10 days to the Chief of Transportation, Washington, D.C.
On plaintiffs’ request, the Commanding General reconsidered and rescinded his May 28, 1954 decision, stating as follows:
1. The action dated 28 May 1954 has been reconsidered and the same is hereby rescinded.
2. The evidence in this case, as stated in the findings of the Special Grievance Committee, establishes derelictions of duty on the part of both persons concerned. The preponderance of the evidence justifies the removal action taken against both appellants.
*34 3. It appears that the appellant Cornelius Kooy has been employed by the Government for twenty-seven (27) years and the appellant Louis J. Gioffre has been similarly employed for thirteen (13) years. _ Their unblemished records of long Government service prior to the actions which resulted in their removal are considered sufficient justification for action other than removal.
4. The recommendation of the majority of the Special Grievance Committee is disapproved.
5. The recommendation of the minority of the Special Grievance Committee is approved.
On the same day the Commanding General informed plaintiffs’ attorney of his decision in the following manner:
Pursuant to the request contained in your letter addressed to me, dated 14 June 1954,1 have given further consideration to the matter of the charges against your clients Louis J. Gioffre and Cornelius Kooy. After having again reviewed the record of the hearing held by the Special Grievance Committee which heard the appeals of the complainants, and after considering the matters set forth in your letter, though I am still of the opinion that the charges against the complainants were sustained by the evidence, I have modified my original action sustaining their removal to the extent of restoring them to duty in positions of the same seniority status and pay to that which they occupied prior to their removal, the intervening period from their removal to their restoration, however, to be regarded as a non-pay status.
In view of the unblemished records of the complainants in Government service for, in the case of Mr. Kooy, twenty-seven (27) years and in the case of Mr. Gioffre thirteen (13) years, I regard my modified action set forth above as appropriate and just punishment for their failure to properly protect the interests of the Government in contract matters.
If the complainants are not satisfied with my decision as now modified you may submit to the Commanding General, Attention: Chief, Civilian Personnel Division, New York Port of Embarkation, a request for review by the Chief of Transportation, Washington, D.C. Such request should be made within ten (10) days of receipt of this letter.
Pursuant to the reconsideration, plaintiff Gioffre was restored to duty effective June 30, 1954, and plaintiff Kooy *35 restored to duty effective July 9, 1954. Neither plaintiff received retroactive payment of salary during the period of removal.
On August 3, 1955, plaintiffs wrote the Chief, Civilian Personnel Division requesting retroactive payment of salary pursuant to the Lloyd-La Follette Act, supra. This request was subsequently denied and this suit resulted.
Plaintiffs’ claims are based on two propositions: (1) their removal was unjustified or unwarranted, and (2) the charges lack specificity.
In respect to claim 1, plaintiffs allege they were reinstated and restored to duty on the ground that the removal was unjustified or unwarranted. If this were true, each plaintiff would be entitled to back pay under section 6(b)(1) of the Lloyd-La Follette Act, supra, 5 U.S.C. § 652(b)(1), which provides in pertinent part as follows:
(b) (1) Any person removed or suspended without pay under subsection (a) who, after filing a written answer to the charges as provided under such subsection or after any further appeal to proper authority after receipt of an adverse decision on the answer, is reinstated or restored to duty on the ground that such removal or suspension was unjustified or unwarranted, shall be paid compensation at the rate received on the date of such removal or suspension, for the period for which he received no compensation with respect to the position from which he was removed or suspended, less any amounts earned by him through other employment during such period, and shall for all purposes except the accumulation of leave be deemed to have rendered service during such period. A decision with respect to any appeal to proper authority under this paragraph shall be made at the earliest practicable date.
However, such was not the case. The restoration decision of the Commanding General carefully stated that the evidence justified the removal action taken. The decision then stated that because of the records of each plaintiff, action other than removal was justified. The Commanding General then approved the recommendation of the minority of the Grievance •Committee. In addition, when the Commanding General informed plaintiffs’ attorney of his action, he again explicitly stated that the charges against plaintiffs were sus *36 tained by the evidence. Again he stated that the original action was modified because of plaintiffs prior records.
To qualify for retroactive pay under the Lloyd-La Follette Act, the restoration must have been “on the ground that such removal or suspension was unjustified or unwarranted * *
In other words, the Commanding General had to order restoration on the grounds that the removal was unjustified or unwarranted. This he did not do, nor has any other person or agency so found. As a matter of fact, all findings were to the contrary. Certainly if plaintiffs were guilty of the charges of failure to protect property of the Government in contract matters, even removal was justified in the circumstances. Hence the modified decision could in no wise be considered anything other than reasonable and proper under the circumstances.
Accordingly, since plaintiffs’ case is predicated on section 6(b) (1) of the Lloyd-La Follette Act, supra, and since that section requires that removal be deemed unjustified or unwarranted and plaintiffs were restored for other reasons, plaintiffs are not entitled to recover. Jordan v. United States, 138 C. Cls. 647; LaRuffa v. United States, 129 C. Cls. 25.
Plaintiffs’ next contention that the charges lack specificity in violation of section 6(b) (1), supra, and in violation of section 9.102(a) (1) (i) of the Civil Service Eegulations, 5 CFE 1955 Supp., is also without merit. Said regulations provide in pertinent part as follows:
No employee, veteran or non-veteran, shall be separated, suspended, or demoted except for such cause as will promote the efficiency of the service and for reasons given in writing. The agency shall notify the employee in writing of the action proposed to be taken. This notice shall set forth, specifically and in detail, the charges preferred against him.
Section 9.106 provides that the Civil Service Commission will not investigate any procedural defect in an employee’s removal or suspension unless requested so to do within 10 days from the effective date of separation.
The petition does not allege and obviously from the facts shown the alleged procedural defect was not appealed to the *37 Civil Service Commission. Clearly the Civil Service Commission was clothed with authority to investigate and act in circumstances similar to the ones alleged. Plaintiffs having failed to appeal first to the Civil Service Commission cannot now resort to the court. Heffernan v. United States, 133 C. Cls. 839; Pollard v. United States, 138 C. Cls. 569; Bodson v. United States, 141 C. Cls. 532.
Nor was the modified decision of the Commanding General appealed administratively to the Chief of Transportation. Since such an administrative remedy was available, plaintiffs were required to avail themselves of that opportunity before resorting to the court. See cases cited supra; Adler et al. v. United States, 134 C. Cls. 200, cert. denied 352 U.S. 894. In other words, two avenues were open to plaintiffs— appeal to the Civil Service Commission, or appeal to the Chief of Transportation. Plaintiffs failed to do either. Furthermore, plaintiffs were provided with written charges and given an opportunity to reply in writing. They did reply at length, and if the charges were not specific enough to be intelligently answered, an appeal to the Civil Service Commission would have been proper and probably profitable in the circumstances. Majesic v. United States, 137 C. Cls. 188, cert. denied 355 U.S. 826.
We can see no procedural defect, no non-compliance with the statute and regulations, no unjustified or unwarranted action, and no lack of specificity in the charges.
In addition we also find, as do Judge Madden and Judge Fahy, a complete failure to exhaust the administrative remedies available. Accordingly, defendant’s motion for summary judgment is granted, plaintiffs’ motion is denied, and the petition is dismissed.
It is so ordered.
Jones, Chief Judge, concurs.