ColliNS, Judge,
delivered the opinion of the court:
Plaintiff, a former employee of the Treasury Department, seeks to recover for loss of salary from May 15,1959, the date of his dismissal from Federal service. Plaintiff has moved for summary judgment and defendant has filed a cross-motion for summary judgment.
Plaintiff, a nonveteran, began working for the Federal Government in 1930. From December 4, 1955, to May 15, 1959, plaintiff occupied the position of Supervisory Customs Inspector (Station Inspector), Bureau of Customs, Treasury Department, New York; this was a competitive position in the classified civil service. By letter of April 6,1959, plaintiff was notified that his removal was proposed in order to “[promote] the efficiency of the Service.” With regard to *3 the reasons for the proposed removal, the notice stated as follows:
Yon are charged with falsifying official records as to your time of arrival at and departure from your duty station and therefore with failure to perform duty during periods indicated by you in official documents, both with regard to regular 8-hour workdays and overtime periods. You are charged with having accepted payment for service you did not render both with regard to regular 8-hour workdays and overtime periods. You are also charged with false testimony when questioned under oath on these matters in the office of the Supervising Customs Agent at this port.
In his reply of April 27,1959, plaintiff admitted the truth of the charges, but requested a personal hearing. Assistant Collector T. F. Farrelly wrote plaintiff that no hearing would be granted and that, as of May 15, 1959, plaintiff was removed from his position. The notice of removal stated in part:
* * * It has been determined that your removal is for such cause as will promote the efficiency of the Service and for the reasons stated in the notice of proposed adverse action addressed to you April 6, 1959 and received by you the following day.
Plaintiff, by letter of May 19,1959, appealed his dismissal to the Director of Personnel, Treasury Department. Following the denial of his appeal, plaintiff sought “reconsideration” on the part of the Secretary of the Treasury; on December 28, 1959, the Administrative Assistant Secretary of the Treasury replied that he upheld the removal and that the Commissioner of Customs was opposed to reinstatement of plaintiff. Plaintiff did not make an appeal to the Civil Service Regional Director though he was notified that this course was open to him. The present action was filed on October 30,1961.
The basic issue presented is whether or not plaintiff’s dismissal was procedurally defective. The primary contention of plaintiff is that the failure to grant him a personal hearing was “arbitrary, capricious, and so grossly erroneous as to imply bad faith, and in violation of the Rules and Regula *4 tions of the Treasury Department.” Therefore, plaintiff asserts a violation of his procedural rights. While admitting that the Veterans Preference Act of 1944, as amended, 5 U.S.C. §§ 851-869, has no applicability to his case,[1] plaintiff attempts, on the basis of agency “custom and usage” and Treasury Department regulations, to establish a right to answer the charges personally.
The sole foundation for the alleged “custom and usage” is the affidavit of plaintiff which states in part:
* * * To the best of my knowledge, information and belief, I was the first person ever charged with offences amounting to the commission of a crime who was not afforded an opportunity to have a hearing before the New York Custom House Personnel Board.
From the standpoint of substance, plaintiff’s affidavit is inadequate; for example, it does not indicate the extent of plaintiff’s knowledge of cases involving “offences amounting to the commission of a crime.” The affidavit would be more persuasive had it given reference to the number of such cases or to some specific instances within plaintiff’s knowledge where hearings were granted. For the sake of argument, it can be assumed that the affidavit may be sufficient to establish a general practice of granting hearings in this type of case. However, the conclusion does not follow that plaintiff was entitled to a hearing as a matter of right. In view of plaintiff’s admission of the charges against him, the agency, in its discretion, was justified in dismissing plaintiff without extending to him a personal hearing. Thus, we conclude, plaintiff has not shown that agency “custom and usage” gave him the right to a hearing.[2]
*5 As another source of the right to answer personally, plaintiff refers to the Treasury Personnel Manual, ch. A-5, § 5(d) .[3] This section which deals with review at the central bureau office of an employee’s appeal does envision the possibility of “oral presentations at lower organizational levels.” Obviously, there is a drastic difference between contemplating, on the one hand, the possibility that an oral hearing may be held and, on the other hand, the compulsion or necessity of granting the right to such a hearing; section 5(d) does the former, but not the latter.
Although this court rejects the conclusory allegation of the petition that plaintiff’s dismissal violated 5 U.S.C. § 652, we do find that section to be controlling.[4] The statement, “No examination of witnesses nor any trial or hearing shall be required except in the discretion of the officer * * * directing the removal * * makes it clear that section 652 does not confer a right to a hearing. See Jordan v. United States, 138 Ct. Cl. 647, 648, 158 F. Supp. 715 (1957). Although As *6 sistant Collector Farrelly might, in his discretion, have granted plaintiff’s request for a hearing, the Assistant Collector’s refusal to do so cannot be considered a violation of plaintiff’s rights under 5 U.S.C. § 652. A further assertion made by plaintiff is that the removal notice (of May 15, 1959) was defective; however, this court finds that the notice adequately informed plaintiff of the charges against him and of the proposed removal. Contrary to plaintiff’s contention, it was not incumbent upon the Government to indicate how the removal of plaintiff would promote the efficiency of the service. Cf. Jordan v. United States, supra, p. 648. In conclusion, we hold (1) that plaintiff had no right to a personal hearing, and (2) that his removal was not arbitrary, capricious, so grossly erroneous as to imply bad faith, or procedurally defective. It is unnecessary, in view of this conclusion, to discuss defendant’s assertion that the failure of plaintiff to appeal to the Civil Service Commission constituted failure to exhaust administrative remedies.
Therefore, plaintiff’s motion is denied; defendant’s motion for summary judgment is granted; and the petition is dismissed.

 The two eases mentioned in plaintiff’s brief, Wittner v. United States, 110 Ct. Cl. 231 (1948), and Washington v. United States, 137 Ct. Cl. 344, 147 F. Supp. 284, petition for writ of certiorari dismissed per stipulation under Rule 60 of the Rules of the Supreme Court, 355 U.S. 801 (1957), are not relevant. Each case was based upon the procedure required by the Veterans Preference Act.

 In view of our conclusion with regard to plaintiff’s assertion, detailed discussion of the counter-affidavit filed by defendant, at the suggestion of the court, is unnecessary. The affidavit offered by defendant was executed by Joseph P. Kelly, Collector of Customs, Port of New York, and consists merely of a statement “That David Meyers was not the first person who admitted like *5 charges in writing and requested a personal Rearing whose request was denied » *
Plaintiff has submitted a statement in answer to the defendant’s affidavit, which contains the assertion, “Since the agency does not deny that its ‘usual and regular practice’ was to afford hearings to employees accused of offenses amounting to the commission of a crime, this assertion made in plaintiff’s affidavit must be tahen as true.”
As stated above, this court does not consider plaintiff’s affidavit to be sufficient to establish any custom or usage on the part of the Bureau of Customs. Even though the affidavit submitted by the defendant is inadequate, the affidavit of plaintiff is not thereby converted into a sufficient basis for his assertion of a right to a hearing.

 ffihe portion of § 5(d), quoted in plaintiff’s brief, is as follows:
“Review of an employee’s appeal at the central bureau office, by the bureau chief or his designee, shall include a review of the complete file, including the official personnel folder and such materials as a brief of the case, a transcript summary of any oral presentations at lower organizational levels, notices, if any, of proposed adverse action and final decision, employee submissions and other pertinent data, including recommendations, if appropriate, by intermediate officials. * * *” (Emphasis supplied.)

 5 U.S.C. § 652(a) states as follows:
“No person in the classified civil service of the united States shall be removed or suspended without pay therefrom except for such cause as will promote the efficiency of such service and for reasons given in writing. Any person whose removal or suspension without pay is sought shall (1) have notice of the same and of any charges preferred against him; (2) be furnished with a copy of such charges; (3) be allowed a reasonable time for filing a written answer to such charges, with affidavits; and (4) be furnished at the earliest practicable date with a written decision on such answer. No examination of witnesses nor any trial or hearing shall be required except in the discretion of the officer or employee directing the removal or suspension without pay. * * *”