Isaiah **JOHNSON**

v.

**POSTMASTER GENERAL** and
Postmaster.

Civ. A. No. 71-696-N.

United States District Court,
D. Maryland.

July 12, 1971.

James H. Anderson, Jr., Baltimore,
Md., for plaintiff.

George Beall, U. S. Atty., and Leonard
M. Linton, Jr., Asst. U. S. Atty., for de-
fendants.

OPINION

NORTHROP, Chief Judge.

On July 1, 1971, plaintiff requested
this court to issue a temporary restrain-
ing order enjoining defendants from re-
moving plaintiff from his present posi-
tion with the Postal Service. On the
same date, this court entered an order
restraining plaintiff's removal and re-
quiring defendants to show cause on or
before July 7, 1971 why they should not
be permanently enjoined from removing
plaintiff from his employment. The
parties submitted briefs and a hearing
was held on July 7, 1971.

During oral argument at the July 7
hearing, plaintiff's counsel raised sever-
al points which the court felt were suffi-
ciently important to merit further brief-
ing by the parties. Accordingly, the
proceedings were terminated without
any decision being rendered by the court
and the parties were instructed to sub-
mit further briefs by July 9, 1971.

By letter dated May 28, 1970, Warren
M. Bloomberg, Postmaster of the Balti-
more Office of the United States Post
Office Department, advised plaintiff
that he proposed to remove him from his
position as a carrier with the United
States Post Office Department, and he
therein set forth various charges as a
basis for his proposed action. Plaintiff
replied to these charges, but by letter of
August 11, 1970, Postmaster Bloomberg
affirmed his proposed removal action.
On August 13, 1970, plaintiff appealed
the decision of Postmaster Bloomberg
and thereafter an investigative hearing
officer was appointed. By letter dated
June 17, 1971, the Postmaster's proposed
action to separate plaintiff from his em-
ployment was affirmed by the Regional
Director, who notified plaintiff that his
discharge was to be effective not later
than 10 days from the receipt of the let-
ter. Plaintiff then filed an appeal from
the Regional Director's decision with the
United States Civil Service Commission
Regional Office in Philadelphia. This
suit then ensued.

The United States Postal Service is the successor to the United States Post Office Department. P.L. 91–375, Aug. 12, 1970, 84 Stat. 719, 39 U.S.C. § 101 et seq. (1971). One issue that has been raised in these proceedings is the applicability of Title VII of the 1964 Civil Rights Act to the Postal Service. Plaintiff contends it is made applicable, and therefore he should be allowed to present such a claim and be allowed to retain his position pending disposition thereof. At the July 7, 1971 hearing plaintiff posited a somewhat related contention. His position was that he could not have been discharged, according to Civil Service Regulations, during the pendency of his administrative remedies had he presented a claim that his discharge was based on racially discriminatory grounds. He further states that he originally raised such a claim, but that he abandoned it on the advice of his representative. The argument seems to follow that plaintiff would not have abandoned such a claim if he had been advised that no adverse action could be taken pending disposition of such a claim. Quite candidly, plaintiff now concedes that no such Civil Service Regulation exists. The court is not, therefore, required to decide whether plaintiff's relinquishment of any discrimination charge was voluntary and tantamount to a waiver thereof.

With respect to plaintiff's contention that this court should assume jurisdiction and enjoin plaintiff's discharge pending disposition of his administrative appeal based on the 1964 Civil Rights Act, the court finds that it is without substance. The court entertains serious doubts that the 1964 Civil Rights Act is applicable to the Postal Service. *Compare* 39 U.S.C. § 410(b) (6) *with* 1970 U.S.Code Cong. & Admin.News p. 3675. Even assuming that it is, however, the court fails to see how this would affect the case. The major defect in plaintiff's application to this court is that it is premature. At the appropriate time, plaintiff may raise a claim under the Civil Rights Act, if it be held applicable. But this court cannot enjoin agency action where plaintiff has failed to exhaust his administrative remedies.

Plaintiff asserts that he has exhausted his administrative remedies because the Civil Service Commission, with which plaintiff has filed an appeal, has no power to prevent his firing at this time. But this misconstrues the doctrine of exhaustion of remedies. The general rule is that judicial action will be withheld until no further appeal lies within the administrative process. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938). There are exceptions to this general rule, and in determining whether to apply the rule or the exception, the courts generally balance the factors involved. *See* Davis v. Secretary, Dept. of Health, Education & Welfare, 262 F. Supp. 124 (D.Md.1967); 3 K. Davis, Administrative Law Treatise, § 20.02 (1958); Jaffe, Judicial Control of Administrative Action 432–37 (1965). The court holds that under the circumstances of this case, plaintiff is required to exhaust his administrative remedies before challenging the action of defendants. Beard v. Stahr, 370 U.S. 41, 82 S.Ct. 1105, 8 L.Ed.2d 321 (1962); Goldsmith v. Board of Tax Appeals, 270 U.S. 117, 46 S.Ct. 215, 70 L.Ed. 494 (1926); Osmond v. Riverdale Manor, Inc., 199 F.2d 75 (4th Cir. 1952); Pollard v. United States, 151 F.Supp. 487, 138 Ct.Cl. 569 (1957); Majestic v. United States, 147 F.Supp. 737 (Ct.Cl.1957); Smith v. Highway Board, 117 Vt. 343, 91 A.2d 805 (1952). If plaintiff ultimately prevails, he will be entitled to reinstatement and can seek back pay. 5 U.S.C. § 5596. While it is true that he may be financially hard-pressed in the meantime, this is no greater burden than is experienced by anyone who decides to litigate their legal rights. It must also be considered that there are countervailing considerations of public interest when dealing with a public employee. *See* 7 Moore, Federal Practice ¶ 65.01 at 1628–30.

**1060**

A case that this court feels is controlling is Osmond v. Riverdale Manor, *supra*. The factual setting in that case was admittedly different, in that the case did not involve the discharge of an employee of the Postal Service. However, the case did present the issue of the propriety of judicial review by way of injunction prior to the completion of administrative remedies. The fourth circuit stated:

> The cases are legion holding that one claiming to be hurt by an administrative proceeding, where an administrative review is open and available, cannot, in lieu of, and without resorting to, this administrative review, appeal for relief to the courts. With this we have no quarrel. Appellee here, however, has perfected its administrative appeal and has sought an injunction to maintain the *status quo* until, and only until, his administrative appeal is decided. This presents the question whether the granting of the instant injunction falls within the general rule prohibiting the interference of courts before exhaustion of the review provided under the administrative process. In other words, can a party alleging hurt by the administrative order, perfect his administrative appeal from the order, and while that appeal is pending and before it is determined, obtain a court order maintaining the *status quo* and enjoining the enforcement of the administrative order until a determination is had on the administrative appeal? We think this question must be answered in the negative * * *. [199 F.2d at 77–78].

And Professor Davis has said:

> * * * probably every court requires exhaustion when the question presented is one within the agency's specialization and when the administrative remedy is as likely as the judicial remedy to provide the wanted relief.

3 K. Davis, Administrative Law Treatise § 20.01, at 56–57 (1958).

The temporary restraining order is hereby dissolved and plaintiff's request for a permanent injunction is denied.