CITY OF THOUSAND OAKS, a Municipal Corporation, for itself and on behalf of all the citizens of the City entitled to the full benefit, use and enjoyment of its resources, and all others similarly situated, not only of this generation, but of those generations yet unborn, Plaintiffs,

v.

UNITED STATES of America, et al., Defendants.

No. CV 74-2186-JWC.

United States District Court, C. D. California.

Sept. 4, 1974.

James Longtin, City Atty., Thousand Oaks, Cal., for plaintiffs.

William D. Keller, U. S. Atty., Frederick M. Brosio, Jr., Huston T. Carlyle, Jr., J. Mark Waxman, Asst. U. S. Attys., Los Angeles, Cal., for defendants.

OPINION

CURTIS, District Judge.

The City of Thousand Oaks brings this action under the National Environmental Policy Act of 1969, 42 U.S.C. § 4321 et seq., and the Intergovernmental Cooperation Act of 1968, 42 U.S.C. § 4201 et seq., to prevent the defendants from constructing a post office in the City of Thousand Oaks at a site selected by the defendants.

FACTS

In 1968, the United States Postal Service determined that a new post office should be established in the City of Thousand Oaks and, accordingly, purchased approximately six acres at a cost of $400,000, located in the City of Thousand Oaks at the corner of Duesenberg Drive and Thousand Oaks Boulevard. In August 1972, at the request of the Postal Service, the United States Army Engineer for the District of Sacramento prepared an environmental assessment (a copy of which is in the record before us). After an in depth review of the environmental considerations, it was recommended that no environmental impact statement as contemplated by the National Environmental Policy Act should be prepared and, accordingly, none was.

The construction commenced July 20, 1974, and on August 5, 1974, plaintiff

filed this action for declaratory and injunctive relief. A temporary restraining order was issued by this court, and the matter is now here on an application for preliminary injunction and a permanent injunction, it having been stipulated that the court might consider both upon the present showing.

Section 4332 of Title 42 U.S.C. provides in part:

"The Congress authorizes and directs that, to the fullest extent possible: . . . (2) all agencies of the Federal Government shall— . . .

(C) include in every recommendation or report on proposals for legislation and other major Federal actions significantly affecting the quality of the human environment, a detailed statement by the responsible official on—

(i) the environmental impact of the proposed action,

(ii) any adverse environmental effects which cannot be avoided should the proposal be implemented,

(iii) alternatives to the proposed action,

(iv) the relationship between local short-term uses of man's environment and the maintenance and enhancement of long-term productivity, and

(v) any irreversible and irretrievable commitments of resources which would be involved in the proposed action should it be implemented.

Prior to making any detailed statement, the responsible Federal official shall consult with and obtain the comments of any Federal agency which has jurisdiction by law or special expertise with respect to any environmental impact involved. Copies of such statement and the comments and views of the appropriate Federal, State, and local agencies, which are authorized to develop and enforce environmental standards, shall be made available to the President, the Council on Environmental Quality and to the public as provided by section 552 of Title 5, and shall accompany the proposal through the existing agency review processes."

The plaintiff contends that the construction of the proposed Post Office facility is a "major Federal action significantly affecting the quality of the human environment . . ." and should be stopped until an environmental impact statement and other procedures required by the Act have been accomplished.

This action is directed primarily at the Postal Service for it is the agency responsible for the construction of the facility. The Postal Service determined the need, selected and acquired the site and, although calling upon other agencies for assistance, has been generally responsible for the design and construction of the building. This is clearly an exercise of the powers given to the Postal Service by Congress.

Section 410(a) of Title 39 U.S.C. provides:

"Except as provided by subsection (b) of this section, and except as otherwise provided in this title or insofar as such laws remain in force as rules or regulations of the Postal Service, no Federal law dealing with public or Federal contracts, property, works, officers, employees, budgets, or funds, including the provisions of chapters 5 and 7 of title 5, shall apply to the exercise of the powers of the Postal Service."

Neither the Intergovernmental Cooperation Act, Chapter 52, nor the National Environmental Policy Act, Chapter 55, upon which plaintiff relies as the basis of this action are listed in subsection (b) and consequently are simply not applicable to the Postal Service.

**1308**

The Postal Service regulations are in accord with this view. Title 30 C.F.R. § 775.1 provides that the National Environmental Protection Act is inapplicable to the exercise of the powers of the Postal Service. Furthermore, this view is supported by the legislative history of the Postal Reorganization Act, P.L. 91–375, of which 39 U.S.C. § 410 is a part (*See* 1970 U.S.Code Cong. and Admin. News, page 3649). From this it appears that Congress considered the Postal Service as a unique governmental agency desperately in need of improvement and intended that it should be operated under the new law free of many of the usual obstacles facing most agencies. Title VII of the Civil Rights Act of 1964 appears to have been an obstacle to be removed from the path of the Postal Service. *See* Johnson v. Postmaster General, 330 F.Supp. 1058 (D.Maryland 1971). Although not necessary to its decision, the court wrote that it entertained serious doubts that the 1964 Civil Rights Act was applicable to the Postal Service.

Plaintiff has cited Maryland-National Capital Park and Planning Commission v. U. S. Postal Service, 159 U.S.App.D.C. 158, 487 F.2d 1029 (1973). There, the court studied the Postal Service's construction of a large postal center and decided that the Service had not fully complied with the National Environmental Policy Act. By implication, this seems to indicate that the National Environmental Policy Act does apply to Postal Service. But neither the district court nor the court of appeals discussed section 410, which because of its relative obscurity may well have been overlooked. I hold, therefore, that neither the Intergovernmental Cooperation Act nor the National Environmental Policy Act apply to the Postal Service.

For the foregoing reasons, the plaintiffs' applications for a preliminary and a permanent injunction are both denied and the action dismissed.