LittletoN, Judge,
delivered the opinion of the court:
In this case plaintiff seeks to recover $3,692.22, less allowable legal offsets, representing the salary of the position of clerk in the Postal Service at Cleveland, Ohio, for the period October 16,1946, to January 2,1948. While on duty as such *465 clerk in a postal substation at Cleveland, the plaintiff was charged with demanding and receiving a rate of postage in excess of that provided by law for the mailing of certain parcels presented to him while he was on “window duty’’ at such postal substation. He was suspended from duty on October 15,1946, and on October 17 was served with written charges to which he filed a formal denial under oath. Plaintiff was arrested on October 17,1946, oh a warrant duly issued, and he was released under bond. On November 12, 1946, the First Assistant Postmaster General, after consideration of the charges preferred, the plaintiff’s denial thereof and the evidence in connection with such charges; advised the Postmaster at Cleveland that after consideration of the evidence submitted, it had been decided that plaintiff should no longer be retained in the Postal Service and directed that a letter to that effect be delivered to plaintiff and that plaintiff be separated from the service upon delivery of the letter to him. Plaintiff was separated from the service on November 15, 1946. On November 20, a criminal information was filed in the District Court of the United States for the Northern District of Ohio, Eastern Division, charging plaintiff with violation of the Postal Laws. Plaintiff was tried upon the two counts set forth in this information on April 14 and 15, 1947, and was acquitted.
On May 1, 1947, plaintiff made application to the Postmaster at Cleveland for reinstatement in the Postal Service. This application Was denied by the First Assistant Postmaster General on May 19, 1947. Thereafter, on September 26, 1947, the First Assistant Postmaster General wrote to the Postmaster at Cleveland, Ohio, as follows:
After further consideration of the case of Joseph P. Bryant, Jr., formerly employed as a clerk in your office, it is felt that he has been sufficiently punished and it is requested that you forward to this Bureau Forms 57 and 2413 completed by Mr. Bryant, and a fingerprint chart. The completed forms when received will be transmitted to the Civil Service Commission with a view to Mr. Bryant’s reinstatement. If and when a reinstatement is authorized, in view of the record of Mr. Bryant as a window clerk and of the numerous shortages in his fixed credit, he is not to be given an assignment where he will handle financial transactions' at any time.
*466 Pursuant to the above quoted letter the plaintiff was reinstated in the Postal Service on Januáry 3,1948. ■
Sec. 6 of- the Act of August 24,1912,5 U. S. C. 652, provides, so far as here material, as follows:
That no person in the classified civil service of the United States shall be removed therefrom except for such cause as will-promoté the efficiency of said service and for reasons given in writing, and the person whose removal is sought shall have notice of the same and of any charges preferred against him, and be furnished with a copy thereof, and also be allowed a reasonable time for personally answering the same in writing; and affidavits in support thereof; but no examination of witnesses nor any trial or hearing shall be required except in the discretion of the officer making the removal; * * *
Plaintiff contends that the Post Office Department did not make an adequate investigation of the facts concerning the charges préferred against him before his separation from the service, and that in view of his acquittal of the criminal charges in the District Court the action of the Postmaster General in separating him from the service on November 15, 1947, effective from the date of his suspension from duty and pay on October 15, was arbitrary and an abuse of discretion, and that such discharge from the service was, therefore, illegal.
■ The facts of record are not sufficient to sustain plaintiff’s claim of arbitrary action and abuse of discretion. The record shows that the procedure required by the statute and the Civil Service regulations was followed, and this is admitted by plaintiff. The plaintiff argues, however, that it cannot be said that he was removed “for such cause as will promote the efficiency of the service” because the Post Office Department did not make an adequate investigation of the facts in connection with the charges upon the basis of which he was removed from his position. The record discloses that the action of the First Assistant Postmaster General of November 12, 1946, was based, as this official stated in the charges and in his decision, upon the charges preferred and the evidence in connection therewith. The record shows that the charges against plaintiff were investigated prior to the institution of the criminal proceeding in the District Court, *467 and that the Postmaster General had several written statements before him in support of the charges preferred against plaintiff.
The fact that plaintiff was acquitted upon the criminal charges preferred against him in the U. S. District Court for the Northern District of Ohio, Eastern Division, is not sufficient to establish that the decision of the First Assistant Postmaster General, that plaintiff should be removed in order to promote the efficiency of the service, was arbitrary. William Francis Croghan v. United States, 116 C. Cls. 577, 586. The Postmaster General determined, upon the record before him, that plaintiff’s removal was necessary to promote the efficiency of the service, and the record is sufficient to show reasonable cause for this action.
The letter of the Postmaster General of September 26, 1947, authorizing the reinstatement of plaintiff as an employee in the Postal Service cannot be treated as a finding or decision by that official that plaintiff’s original suspension and separation from the service was illegal or unwarranted.
In view; of the facts and circumstances disclosed by the record, the plaintiff is not entitled to recover, and his petition is dismissed.
It is so ordered.
Howell, Judge; Madden, Judge; Whitaker, Judge; and Jones, Chief Judge, concur.