Jones, Chief Judge,
delivered the opinion of the court: The plaintiff, a veterans’ preference eligible seeks back pay for alleged arbitrary and capricious action on the part of the Bureau of Internal Revenue in suspending and later removing him as an employee. He claims back pay in the sum of $31,417 from June 13,1952, the date of his discharge, to May 1,1958, shortly before the date of filing of his petition in this court.
The facts in brief are as follows: On February 21, 1938, plaintiff became a Civil Service employee of the Bureau of Internal Revenue and continued as such until June 13, 1952. At the time of his removal he was a Deputy Collector, grade GS-9, at a salary of $5,310 per year.
As a result of an investigation, a letter of charges was sent to plaintiff on November 27,1951, notifying him that it was proposed to suspend him from duty and pay for an indefinite period pending further investigation. The substance of the charge as outlined in the letter was that he had conspired to submit a false report in violation of 18 U.S.C. § 1001. Full details of the alleged transaction were set out in this letter. Plaintiff was advised that he might submit affidavits in support of his reply and that full consideration would be given to his answer before a decision was communicated to him.
Plaintiff denied the charges by letter dated November 29, 1951. On March 26, 1952, the Commissioner of Internal Revenue notified plaintiff that pending completion of an investigation of the charges preferred against him, he was suspended from duty and pay for an indefinite period effective at the close of business on March 27,1952.
The Bureau of Internal Revenue on April 3, 1952, issued a letter of proposed adverse action in which plaintiff was notified that it was proposed to remove or otherwise discipline him. The charges in that letter were substantially the same as the charges contained in the letter of proposed suspension. Plaintiff was given 5 days in which to reply, *3 and was again given an opportunity to present affidavits. Plaintiff was advised that full consideration would be given to any reply that he might make, after which a written decision would be furnished Him.
The plaintiff submitted a one-page reply in which he denied generally the charges in the letter of proposed adverse action. On June 3, 1952, plaintiff was notified of the final decision of the Bureau of Internal Eevenue to separate him from his position with the Internal Eevenue Service as of July 13, 1952. He was notified of his right to appeal the action to the Second Civil Service Eegion within 10 days from the effective date of his removal.
The plaintiff had not appealed this suspension, but in a letter dated June 18, 1952, he did appeal the agency’s action in removing him to the Civil Service Commission Eegional Office in New York City. The Commission began its customary investigation under section 14 of the Veterans’ Preference Act, 5 T7.S.C. § 863.
On April 18, 1952, an indictment had been filed in the United States District Court for the Eastern District of New York against the plaintiff and two others, in which it was charged that he conspired with J ames J. Andrews to submit a false report on Form 53, Deputy Collector’s Eeport of Uncollected Taxes, in the matter of the income tax liability of one Anthony Struk; that the said Form 53 was improper in that false statements were made therein that the said taxpayer had no assets and that a diligent effort had been made by the plaintiff to collect the taxes due; and that the purported financial statement submitted by plaintiff in support of Form 53 was false in that it was not obtained from the taxpayer and that taxpayer’s assets were not truly reflected therein.
Since the indictment contained substantially the same charges as those pending before the Civil Service Commission, the investigation by the Commission was postponed pending disposition of the criminal case.
The plaintiff was brought to trial in the United States District Court for the Eastern District of New York on November 30,1953. After the evidence had been introduced, the judge directed a verdict of acquittal on the ground that *4 substantial evidence bad not been offered sufficient to justify submission of the case to the jury.
After this acquittal, the Eegional Office of the Civil Service Commission was requested by the plaintiff to proceed with the adjudication of his administrative appeal. The plaintiff’s requested hearing was held on March 30, 1954, in the offices of the Second Civil Service Eegion at which hearing the plaintiff was represented by counsel.
In announcing the decision, the Eegional Director made a lengthy analysis of the evidence submitted and after such analysis made the following recommendation:
It is the finding of this office, based on all the evidence of record, that the charge preferred against the appellant is sustained by the evidence and that his suspension and removal from the service were neither arbitrary nor unreasonable, but for such cause as would promote the efficiency of the service within the meaning of the language of Section 14 of the Veterans’ Preference Act. No change is recommended, therefore, in the personnel actions from which this appeal was taken.
Plaintiff appealed the Eegional Director’s decision to the United States Civil Service Commission. The matter was referred to the Board of Appeals and Eeview which stated after consideration and review that the charges preferred against the plaintiff on April 3, 1952, and the notice of proposed action in connection therewith were procedurally valid; were substantiated by the preponderance of the evidence and showed just cause for his removal; and that the weight of the evidence showed that Mr. Finn was aware that the financial statement was false. The Eeview Board affirmed the decision of the Eegional Office.
The record clearly demonstrates that the plaintiff was accorded all his procedural rights and that he was given adequate notice and opportunity to apply for a hearing before the Eegional Office. In these circumstances it has been the uniform holding of this and other courts that the adverse action of the agency and commission will not be set aside unless there is a definite showing that such action was arbitrary, capricious, or unsupported by substantial evidence. In fact the plaintiff in practical effect concedes as much, except for the suspension for more than 30 days. *5 However, be took no further steps or appeal in connection with that suspension.
The plaintiff contends as follows: (1) The United States District Court and the Civil Service Commission were presented with identical charges. The District Court entered judgment of acquittal on the ground that there was no substantial evidence of guilt presented that would justify submitting the charges to the jury. (2) The Civil Service Commission heard similar evidence but reached a different conclusion, that is, plaintiff’s removal was for the good of the service and was justified. (3) The District Court is superior to the Commission as a judicial body. The conclusion from these premises is that if a trial judge cannot find sufficient evidence supporting a criminal indictment to permit a case to go to the jury, a subsequent determination of guilt sufficient for dismissal by the Civil Service Commission must have been arbitrary and capricious. He sets out in the appendix to his brief excerpts of conversations which the court had with certain of the attorneys without the presence of the jury which demonstrate clearly the court’s opinion of the evidence.
We are unable to conclude that because there has been an acquittal by a trial court in a criminal case it necessarily follows that all of the action taken by the civil authorities in connection with the removal of an employee was arbitrary and capricious. In fact it has been repeatedly held that this does not follow. Bryant v. United States, 122 Ct. Cl. 460, cert. denied 344 U.S. 913; Oroghan v. United States, 116 Ct. Cl. 577, cert. denied 340 U.S. 854. The plaintiff undertakes to make the distinction that these authorities are inapplicable because in both cases juries reached verdicts of acquittal, whereas in this case the District Court found that there was not sufficient evidence to justify submission of the case to the jury.
The plaintiff insists that the finding of the court must be conclusive to the effect that plaintiff was improperly discharged. We do not think that such action by the District Court in a criminal case would necessarily set aside the considered action of the employing agency, the Regional Office of the Civil Service Commission, and the Commission’s *6 Board of Review in connection with civil employment. The fact that a man may have been acquitted of criminal charges of the same character does not compel the conclusion that the dismissal was not for the good of the service.
A number of regularly constituted officials of the administrative agencies that were duly authorized reached the conclusion that the plaintiff should be removed. The Regional Office recited that during the Commission’s investigation it had secured affidavits from the plaintiff, from the acting head of the reviewing staff of the Internal Revenue Service, from the group supervisor in the office of the Director of the Internal Revenue, from the inspector of the Internal Revenue Inspection Service, and the chief of the Personnel Branch. It also sets out extracts from official records, including preliminary report of investigation by two special revenue agents in 1951, with transcripts of five pertinent statements, and a summary of the investigation of various persons named. After reciting the statements of many witnesses which had been contacted in the course of investigation, the Regional Office found that the evidence showed clearly that the agency complied with the procedural requirements of section 14, including notice with an opportunity for plaintiff to answer. It further recites that the “basic evidence secured through the agency’s investigation, as shown by the report of Special Agents Sweeney and Smith, dated March 28, 1952, is concerned with the alleged extortion of $7,000 from the taxpayer, Anthony Struk, of Bridgehampton, N.Y., wherein * * * [name of Deputy Collector], according to the taxpayer was a primary participant.” It is further stated that the evidence clearly shows that improprieties existed in the taxpayer’s case and that the plaintiff had furnished varied and conflicting statements to the Special Agents in November and December 1951 concerning the assignment of the Struk case to him and how he received the final statement. It is evident from the recitals in the Regional Officer’s report that it considered that it had substantial basis for making its recommendations.
We do not believe that the remarks of the court in connection with the acquittal in a criminal case can automat *7 ically and completely cancel all of the affidavits and facts outlined in the several exhibits attached to the defendant’s brief.
The plaintiff alleges that he did not see some of the affidavits considered by the Commission, but his statement in his affidavit of March 3, 1954, to the effect that he had reviewed the record information and affidavits submitted in his case and had no further evidence to submit to the Commission indicates that he had substantially full information.
The defendant further asserts the defense of laches, claiming that the plaintiff did not file his petition in this court until 8y2 years after the final decision of the Civil Service Commission, and only a few days less than 6 years after his removal. It included in that connection an affidavit of the Chief of the Eegional Personnel Branch showing that many of the records had been destroyed in the normal course of business. It cites numerous cases by the Supreme Court, this court, and other courts on the subject. There is no doubt that there was a rather long delay. However, in view of our inability to find, in the light of the entire record, that the action of the agency was arbitrary, capricious, or defective for lack of substantial evidence, it is unnecessary for us to decide this issue.
In view of our inability to find that the action of the agency was arbitrary, capricious, or defective for lack of substantial evidence, it is likewise not within our province to pass on the question whether the plaintiff should or should not be employed. Wittner v. United States, 110 Ct. Cl. 231. In that case the court said at p. 235 the following:
We are not authorized to determine whether a particular veteran should be employed. That is the province of the appropriate agency. Nor are we concerned with whether an employee should be discharged. That is properly in the hands of the affected department. Once a veteran is employed, however, we are concerned with seeing that even a proper discharge is accomplished in the manner provided by law, and that, in discharging him, the agency follows the procedure laid down by the Congress. Otherwise, the discharge is ineffective.
The case is before us in sufficient detail to enable it to be concluded. Both parties have made motions for summary *8 judgment. Numerous affidavits have been filed. The decision of the agency itself, the recital of the findings and recommendation of the Regional Office (Second Region) of the Civil Service Commission, based on a thorough investigation in great detail, are in the record. We find no procedural error.
The defendant’s motion for summary judgment is granted, the plaintiff’s motion is denied, and the petition will be dismissed.
It is so ordered.
Dureee, Judge; Laramore, Judge; MaddeN, Judge; and Whitaker, Judge, concur.