**Arnold FINFER, Plaintiff-Appellant,**

v.

**Mortimer M. CAPLIN, Commissioner of Internal Revenue, Defendant-Appellee.**

**No. 67, Docket 28957.**

United States Court of Appeals
Second Circuit.

Argued Oct. 14, 1964.

Decided March 26, 1965.

Edwin J. McDermott, Philadelphia, Pa. (Jasper I. Manning, New York City, on the brief), for plaintiff-appellant.

Lawrence R. Schneider, Dept. of Justice, Washington, D. C. (John W. Douglas, Asst. Atty. Gen., Alan S. Rosenthal, Dept. of Justice, Washington, D. C., of counsel; Joseph P. Hoey, U. S. Atty., Eastern Dist. of New York, on the brief), for defendant-appellee.

Before WATERMAN, MOORE and SMITH, Circuit Judges.

MOORE, Circuit Judge:

Appellant, Finfer, an Internal Revenue Service officer, was arrested on March 17, 1960, on the charge of accepting a bribe from a taxpayer in violation of 18 U.S.C.A. § 202.[1] As a veteran and member of the classified civil service, Finfer was entitled to the procedural safeguards of the Veterans Preference Act, 5 U.S.C.A. § 863, in regard to any proposed adverse change, in his employment status with the IRS.

In compliance with the Act, Finfer was notified by the District Director of Internal Revenue on March 29, 1960, that he was to be suspended for thirty days and that his subsequent discharge was contemplated. This notice detailed the charges against him. Finfer made an oral reply to the Director relating to these charges on March 31st. On the same date Finfer was indicted on the bribe charge. On April 1st Finfer was notified by the Director that his oral explanations did not satisfactorily refute the charges and that he was suspended from the IRS for thirty days. Finfer was informed by the same notice that he had the right to appeal his suspension to the Civil Service Commission or through administrative channels within the IRS. Finfer exercised neither of these rights of appeal.

On April 21, 1960, a hearing was held in the office of the District Director to allow Finfer to contest his proposed removal. Through his attorney Finfer flatly denied the truth of the charges against him and asserted that he was the victim of a "frameup." He then rested on these defenses, without offering any concrete further evidence to rebut the charges against him. On May 5th Finfer was notified that his defenses had been rejected and that he had been removed as of that date. In this notice he was again advised that he could appeal his discharge within ten days either within the IRS or to the Civil Service Commission. Int. Rev. Manual § 1986.3 (2) (f); 20 Fed.Reg. 2701 (1955). He was also advised that any appeal under the IRS appeals procedure would not necessarily operate to delay the ten-day time limit for appeal to the Civil Service Commission although any appeal to the Commission would preclude an appeal within the IRS. Finfer did not take a timely appeal either within the IRS or to the Commission.

On May 5, 1961, Finfer's criminal trial ended with a deadlocked jury. On November 16, 1961 he was subsequently retried and was acquitted on the bribery charge.

On December 1, 1961, Finfer asked the IRS to reinstate him in view of his acquittal. On December 4th he appealed his discharge to the Civil Service Commission. On December 6th the regional director of the Commission notified Finfer that his appeal would be rejected for non-compliance with the ten-day rule, outlined in the IRS discharge notice of May 5, 1960, unless he could show that he was unaware of this time limit or that circumstances over which he had no control had prevented a timely appeal. On December 12th Finfer replied that the illness of his former counsel and possible prejudice to his rights in the then pending criminal trial had been the cause of his delay. On December 22nd Finfer was informed by the regional director that he had not presented satisfactory reasons for his failure to comply with the ten-day rule and that his request for a waiver of the rule was accordingly denied. Finfer appealed this determination to the Civil Service Board of Appeals and Review on December 26th but on January 18, 1962, the Board upheld the decision of the regional director and concluded that there was no reason to waive the ten-day time limit. On March 9, 1962, his alternative attempt to secure belated relief ended in failure when the IRS denied his request for reinstatement.

---

1. The prohibitions against acceptance of bribes by employees of the federal executive branch have since been transferred to 18 U.S.C. § 203. 76 Stat. 1121 (1962).

Finfer then brought the present suit in the Eastern District of New York on April 12, 1963, against the Commissioner of Internal Revenue for a declaratory judgment that his removal as a Revenue Officer was improper and that he be reinstated [2] in the IRS. Plaintiff and defendant each moved for summary judgment asserting that there were no genuine issues of fact to be resolved and that judgment should be entered as a matter of law. The district court denied plaintiff's motion and granted defendant's motion. Plaintiff appeals.

In support of his appeal to this Court, Finfer argues, in substance, (1) that he is entitled to reinstatement because the removal charges were not supported by substantial evidence; (2) that his removal was without an opportunity to confront and cross-examine witnesses and, therefore, arbitrary and capricious; and (3) that he was not required to exhaust his administrative remedies as a precedent to judicial review.

■ Finfer's reluctance to take prompt administrative action is quite understandable. Arrested on March 17, 1960 and indicted on March 31st, he had much more to worry about than the niceties of appeals from suspension and removal notices. His primary concern (and undoubtedly that of his counsel as well) was to protect himself from the criminal charges against him. It would have been contrary to sound defense strategy to enter upon a series of hearings or appeals before administrative agencies which would in all probability have called for Finfer's own testimony, his version of the alleged bribe and an attempted refutation of witnesses which might have been produced by IRS. He was entitled to remain silent and to stand on his right to force the government to prove its case, if any, against him. For this reason, laches and failure to exhaust administrative remedies scarcely can be asserted under the circumstances here presented.

The Commissioner argues that "by not appealing appellant waived an opportunity to have his case reviewed on the merits by an impartial body." But no matter how impartial the body, an adverse determination on the merits, particularly if Finfer had testified, would not have helped his criminal case—in fact, it might have been highly detrimental. The Commissioner suggests that Finfer "should have taken a prompt appeal to the Commission, applied for an extension of time, to avoid any possible prejudice to his pending criminal trial, and abided further developments." Possibly, in retrospect, this procedure might have been wise but what if an extension had not been granted and the appeal had been dismissed for want of prosecution? Would not such failure be urged as an abandonment of his remedies? Furthermore, there might be a real question as to whether "due process is not observed if an accused person is subjected, without his consent, to an administrative hearing on a serious criminal charge that is pending against him." Silver v. McCamey, 95 U.S.App.D.C. 318, 221 F.2d 873, 874–875 (1955).

Assuming, however, that Finfer's inaction was completely justified as a matter of strategy until the criminal charges had been disposed of, the issue before this court remains: Is Finfer entitled to reinstatement in the IRS by court order?

Finfer concedes, as he must, that "The acquittal of a civil service employee on an indictment charging him with commission of a criminal offense does not invalidate the action removing him from his position for the good of the service when there is substantial evidence to support the decision dismissing him from service." See Jenkyns v. Board of Educ., 111 U.S.App.D.C. 64, 294 F.2d 260 (1961); Finn v. United States, 152 Ct.

---

2. Subsection (e) was added to 28 U.S.C.A. § 1391 in 1962 to allow suit to be brought by a federeal officer or employee, *inter alia*, in any "judicial district in which * * * the cause of action arose

* * * " 76 Stat. 744; McEachern v. United States, 321 F.2d 31 (4th Cir. 1963). See also 28 U.S.C.A. § 1361 (1962).

Cl. 1 (1961); Bryant v. United States, 122 Ct.Cl. 460 (1952); Croghan v. United States, 89 F.Supp. 1002, 116 Ct.Cl. 577, cert. denied, 340 U.S. 854, 71 S.Ct. 71, 95 L.Ed. 626 (1950). What evidence did the Commissioner have? At the close of his hearing before the District Director of the IRS on April 21, 1960, the agency knew that Finfer had been the revenue officer in charge of collecting the account of taxpayer Grady, that Finfer had been arrested for accepting a bribe from Grady, and that he had subsequently been indicted as the recipient of a bribe in violation of federal law. In rebuttal, Finfer presented no facts to controvert these charges but rested his case on a general denial of the charges against him coupled with a vague allegation that he was the victim of a frame-up.

■ The law does not require that the proof which might lead to an administrative determination that removal would be for the best interests of the IRS be of the same quality as would be necessary to convince a jury beyond a reasonable doubt to convict in a criminal case. The jury, to be sure, had not been convinced beyond a reasonable doubt but the Commissioner could well have concluded that the evidence was substantial enough to justify a refusal to reinstate.

Finfer's first move after acquittal on November 16, 1961, was to apply on December 1, 1961, for reinstatement. On December 4, 1961, Finfer appealed to the Civil Service Commission pursuant to Section 14 of the Veteran's Preference Act of 1944, which appeal was denied as untimely. A further appeal to the Board of Appeals and Review was also denied. Quite apart from the question of the timeliness of the appeal, on March 9, 1962, IRS advised Finfer in answer to his reinstatement request of December 1, 1961, that "Based upon our review of the circumstances surrounding your removal, it has been determined that your reinstatement would not be to the best interests of the Service."

■ Finfer maintains that his superiors acted arbitrarily and capriciously in removing him without granting him at the April 21, 1960 hearing an opportunity to confront and to cross-examine any witnesses against him. In disposing of this claim, the trial court noted that under the applicable regulations, "The right to cross-examination * * * would accrue only upon exercise of the right to appeal to the Civil Service Commission and then only if a hearing had been demanded * * *." Despite Finfer's unusual predicament, if he had wanted an opportunity at the administrative level to confront the witnesses against him, it was not arbitrary to require him to abide by the regulations and appeal to the Civil Service Commission. Cf. Williams v. Zuckert, 371 U.S. 531, 82 S.Ct. 403, 9 L.Ed.2d 486 (1963).

■ "Generally, in the absence of statute or unreasonable discrimination, a public employee may be summarily discharged from government service, without the necessity of a hearing, and such action does not amount to a denial of due process of law." Parker v. Board of Education of Prince George's County, Md., 237 F.Supp. 222, 228 (U.S.D.C.D. Maryland, 1965). A fair determination cannot be reached without being mindful that "consideration of what procedures due process may require under any given set of circumstances must begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by governmental action." Cafeteria & Restaurant Workers, etc. v. McElroy, 367 U.S. 886, at 895, 81 S.Ct. 1743, at 1748, 6 L.Ed.2d 1230. "The Fifth Amendment does not require a trial-type hearing in every conceivable case of government impairment of private interest." Id. at 894, 81 S.Ct. at 1748. See also Hart v. United States, 284 F.2d 682, 684 (Ct.Cl., 1960). Nor does this case involve situations comparable to those presented in Willner v. Committee on Character, 373 U.S. 96, 83 S.Ct. 1175, 10 L.Ed.2d 224 (1963); or Schware v. Board of Bar Examiners, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1959).

■ Under all the facts here presented and in the light of the procedural rem-

42

edies available but not sought, the Commissioner should not by court decree be required to reinstate this former employee when he has elected not to grant the reinstatement request.

Judgment affirmed.