**Joseph R. ENDRES, Plaintiff,**

v.

**Winton BLOUNT, Postmaster General of the United States, Defendant.**

**Civ. A. No. 69-2119.**

United States District Court, E. D. Pennsylvania.

June 30, 1971.

F. Ross Crumlish, Philadelphia, Pa., for plaintiff.

Faith Whittlesey, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

DITTER, District Judge.

Plaintiff alleges he was wrongfully discharged from the postal service and brings this suit for reinstatement and money damages. It is presently before the court on defendant's motion for summary judgment.

The facts of record come to us from a certified copy of the post office department's file and an affidavit by plaintiff, Joseph R. Endres. They show that on July 5, 1969, he became employed as a substitute postal clerk, subject to a one-year probationary period. On July 31, 1969, he was taken into custody and searched with regard to mail theft. He was not permitted to return to work and on August 6, 1969, was separated from the postal service "for theft of letters in the Outgoing Mail Section." No criminal charges against him were lodged and he was not tried for this or any other offense. Plaintiff denies that he stole any letters and contends that the termination of his employment has caused him great injury.

The defendant's brief supplies some amplification and explanation. On July 31, 1969, a postal inspector, J. D. Burdon, observed plaintiff and a co-worker passing letters back and forth. After plaintiff had handed a number of test letters to the other employee, who then opened them, both were taken into custody. Plaintiff denied any theft but admitted selecting letters containing money and passing them to his accomplice, who voluntarily produced seven dollars, the money placed in the test letters. While these assertions help us understand the position taken by the department, they are not really before us and cannot serve as a basis for our decision.

The government contends our power to review the discharge of a federal employee is very limited. It is asserted that we may not substitute our judgment for that of the administrative officer, but rather that we may only insure that all applicable procedures were followed. Since plaintiff was appointed subject to the one-year probationary period and since his employment was terminated before he had completed six months of service, no formality is necessary other than the notice which was provided here: Federal Personnel Manual, Chapter 315, Subchapter 8–4, 5 C. F.R. 315–804. Evidence of theft of mail or of other criminal conduct, is a basis for removal of a probationary employee: Postal Manual, Section 781351b(1).

In Finfer v. Caplin, 344 F.2d 38 (2nd Cir. 1965) an Internal Revenue Service

officer was arrested on the charge of accepting a bribe from a taxpayer. Plaintiff was notified by the District Director of Internal Revenue that he was to be suspended for thirty days and that his subsequent discharge was contemplated. Finfer's criminal trial ended with a deadlocked jury and he was subsequently retried and acquitted on the bribery charge. The court held that the acquittal of a civil service employee on an indictment charging him with commission of a criminal offense does not invalidate the action removing him for the good of the service *where there is substantial evidence to support the decision to dismiss him.* Here the facts before us are in dispute, and therefore we cannot determine whether there was substantial evidence to warrant plaintiff's dismissal.

In Parker v. Board of Education of Prince George's County, Maryland, 237 F.Supp. 222 (D.Md.1965) the court held that *generally* in the absence of a statute or unreasonable discrimination, a public employee may be summarily discharged from government service, without the necessity of a hearing and such action does not amount to a denial of due process. In that case the court concluded that under all the facts presented and *in the light of the procedural remedies available but not sought,* the Board should not by court decree be required to reinstate plaintiff. In the instant case plaintiff had no procedural remedies. By reason of his probationary status he was precluded from ever presenting a defense.

The government argues that plaintiff's removal was not predicated on criminal guilt and that the degree of his culpability, as a basis for determining suitability for service, is solely within the province of the postal authorities. In the abstract, this assertion may be true. In the context of this case, however, it does not support a motion for summary judgment. Plaintiff's file does not show that he was discharged by reason of the government's unfettered discretionary power so far as probationary employees are concerned. Rather the file only shows the action against him was taken because he was apprehended for theft by the postal inspectors. There is no explanation of the absence of any further procedures, the failure to afford a hearing, to press charges, or to seek a criminal conviction. All of the worst implications of the word "theft" are present, but none of the "background" which the government presented in its brief to clarify the matter for the court.

An accusation of theft is serious. It carries with it connotations which may affect plaintiff's employment opportunities for the rest of his life. Had this charge been substantiated by a criminal trial, had the file stated that the reason given was unproven, or had other assertions of a less serious nature been involved, perhaps a different result on a motion for summary judgment might be reached. As it is, we cannot just close this case without affording plaintiff an opportunity to air his grievances. Accordingly, summary judgment will be denied.