Owilicm pay; dismissal; Internal Revenue employee. — On October 28,1976 the court entered the following order.
“This case comes before the court on Defendant’s Motion for Summary Judgment and Plaintiff’s Cross-Motion for Partial Summary Judgment. Upon consideration of the motions, the briefs of the parties and the administrative record, and after hearing oral argument, the court finds:
“1. Plaintiff, a veterans preference eligible, employed in the competitive Civil Service as a criminal investigator by the Internal Eevenue Service, was notified by letter of August 8, 1969, that the agency proposed to remove him based upon the following charges: (a) Improper disposition of hand guns abandoned to the Government in violation of the rules of conduct for Service employees and the Internal Eevenue Manual; (b) Failure to obtain ‘Notice of Abandonment of Property’ as required by the Internal Eevenue Manual; (c) Failure to prepare a ‘Local Investigation Assignment and Eecord’ as required by established office practice and procedures, and (d) Conduct which brings discredit upon the individual as a Federal employee and on the Service.
“2. After the plaintiff had filed a written reply and also made an oral reply, the Assistant Eegional Commissioner ordered plaintiff removed from the Service effective October 17, 1969. Plaintiff appealed to the Director of the Per- *371 sound Division and a designated hearing officer conducted a hearing at which both sides presented witnesses and documentary evidence, at the conclusion of which, the hearing officer found that all except the fourth charge described above were sustained, and a decision sustaining plaintiff’s dismissal was issued.
“3. After the plaintiff timely appealed, a hearing was held by the New York Regional Office of the Civil Service Commission. Part of the evidence against plaintiff consisted of an affidavit by an Air Force officer, and plaintiff’s attorney objected to the failure of the officer to appear and testify in person. Plaintiff requested an adjournment, which was denied, and the parties submitted a joint set of written interrogatories which were answered and returned by the Air Force officer. Thereafter, on October 16, 1970, the Regional Director of the Commission rendered a written decision sustaining the removal action on the basis of findings that the procedural requirements of the law and regulations had been complied with; that the four charges and specifications were sustained by a preponderance of the evidence, and that the removal action was taken for such cause as would promote the efficiency of the Service. On plaintiff’s appeal, the Civil Service Commission Board of Appeals and Review affirmed the decision on February 4,1971.
“4. On January 25, 1972, plaintiff commenced an action in the United States District Court for the Eastern District of New York, seeking reinstatement to his position and recovery of back pay. By stipulation of the parties, the action was dismissed without prejudice to the commencement of a new action, and on April 3, 1975, plaintiff filed suit in this court to recover back pay on the grounds that the administrative decisions were without substantial support in the evidence; that he was denied the right to confront witnesses against him, and that he was denied the right to have present witnesses whose testimony was favorable to his defense.
“After careful review of the complete administrative record and a consideration of the briefs and argument of counsel for the parties, the court finds that the administrative decisions with respect to at least the first three of the charges against plaintiff are supported by substantial evidence; that *372 plaintiff was removed in accordance with, applicable statutes and regulations, and that plaintiff has failed to demonstrate that the administrative action was arbitrary, capricious, malicious or taken in bad faith. Accordingly, we conclude that plaintiff may not recover. Boyle v. United States, 207 Ct. Cl. 27, 515 F. 2d 1397 (1975); Holman v. United States, 181 Ct. Cl. 1, 383 F. 2d 411 (1967); Finn v. United States, 152 Ct. Cl. 1 (1961).
“The court also concludes as a matter of law that the failure of the administrative agencies to produce the Air Force officer as a witness at the hearings, as well as the defendant’s reliance on the witness’ affidavit and sworn answers to the interrogatories, was not legally erroneous, arbitrary, or capricious. Reasonable efforts were made to procure the attendance of the witness at the hearings, but he failed to appear. Neither the Internal Revenue Service nor the Civil Service Commission had administrative control over the witness and neither had the authority to subpoena him to testify in person. See Peters v. United States, 187 Ct. Cl. 63, 408 F.2d 719 (1969).
“it is therefore ordered that Defendant’s Motion for Summary Judgment is granted; Plaintiff’s Cross-Motion for Partial Summary Judgment is denied, and plaintiff’s petition is dismissed.”